GEORGE R. PACE, JR., *Appellant,* v. IDA BELLE PACE, *Appellee.*

Division A.

Opinion filed April 21, 1930.

Petition for rehearing denied June 6, 1930.

*Zewadski & Pierce,* for Appellant;

*Peacock & Parker,* for Appellee.

TERRELL, C. J.—On July 11, 1928, appellee here, being complainant below, secured a final decree divorcing her from the appellant. The said final decree also provided alimony for the complainant in "the sum of fifteen dollars ($15.00) per week for one hundred weeks." On January 10, 1929, appellee filed her petition praying for a modification of that part of the final decree granting alimony. On February 6, 1929, the chancellor entered his decree striking the words "for one hundred weeks" from that part of the final decree providing alimony and inserting in lieu thereof the words, "from date of this decree." Appeal is taken from the latter decree.

A final decree predicated on a decree *pro confesso* becomes absolute under Chancery Rule 45 and Section 3158, Rev. Gen. Stats. 1920 (Section 4945, Comp. Gen. Laws 1927). Other final decrees become absolute under Chancery Rule 90 and Sections 3164 and 3165 Rev. Gen. Stats. 1920 (Sections 4956 and 4957, Comp. Gen. Laws of 1927). After the lapse of time as thus provided by rule and statute final decrees cannot be changed, added to, nor taken from, except as to the correction, *nunc pro tunc* of mere clerical errors or misprisions, without resorting to the recognized processes of equity, based upon appropriate grounds. Mabson v. Christ, 96 Fla. 756, 119 So. R. 131.

A bill or review predicated on errors apparent on the face of the record, must ordinarily be brought within the

statutory period provided for taking an appeal. Zewadski v. Barksdale, 86 Fla. 552, 98 So. R. 590; Hall v. Hall, 93 Fla. 709, 112 So. R. 622.

It appears from the record that the bill of complaint herein was brought to correct and modify the final decree in so far as it related to alimony. It was brought within one day of the expiration of the time allowed for filing a bill of review in such causes. The chancellor found that the final decree providing for the payment of fifteen dollars per week for one hundred weeks, was an allowance in gross not conformable to the law of this State, that the same was not a fair and equitable allowance for alimony and is contrary to public policy.

It is certain that the final decree cannot be reached and corrected on motion for rehearing because of the rule announced in Mabson v. Christ, *supra,* but we think the bill to correct and modify the final decree may be treated as a bill of review and since the chancellor found as a matter of fact that the allowance of fifteen dollars per week for one hundred weeks was not a fair and equitable allowance as alimony it was within his power to alter and modify said allowance on the proper showing. Mattair v. Card, 19 Fla. 455, ————; Mitchell v. Mason, 90 Fla. 201, 106 So. R. 430. If fair and equitable, as a matter of law, we are aware of no reason why an allowance in gross as alimony should not stand. In the instant case, however, the chancellor on more mature consideration concluded that a misapplication of the rule of law had been made to the facts in this case. He corrected his decree and it is not made to appear that he committed error in doing so.

Affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.