JESS C. ANDREW v. C. H. HECKER, JR., and WILLIAM H. BISHOP.

182 So. 251.

Opinion Filed June 14, 1938.

C. C. *Youmans* and *John M. Murrell*, for Appellant;
*Richard H. Hunt* and *George H. Salley*, for Appellees.

BUFORD, J.—This appeal is from an order denying a motion to dismiss the bill in the nature of a bill of review, and from the final decree granting the relief prayed for in that bill.

Jess C. Andrew and Elizabeth Fowler Andrew, his wife, owners of the land in question, and C. H. Hecker, Jr., prospective purchaser of the land, entered into a contract on September 23, 1935, wherein it was recited that the parties thereto had previously, on May 20, 1935, entered into a contract for the sale of "that portion of lot 19, Block 8, Mid Golf Subdivision * * * lying between 40th Street, 41st Street, Prairie Aevenue and that portion of Chase Avenue which has recently been cut through Lot 19," for a price

of $40,000.00, $15,000.00 to be paid in cash, and the remainder to be paid in equal payments due one and two years from date of closing; but since the date of said agreement · the parties thereto have discovered that the original deed from the developer of the subdivision, the Miami Beach Bay Shore Co., to Jess C. Andrew, dated July 17, 1933, contains restrictions, including the following:

"(3) The construction or erection of buildings on the real estate herein conveyed is limited to one one-famliy dwelling and one private garage * * *."

"(5) No residence, dwelling house or house commonly known as a double or two-family dwelling, apartment or apartments, and no house, structure or building to be used as a business room * * * or for any other business or commercial purposes whatever, shall be constructed, erected or placed on any of the lots situate in said Subdivision; nor shall any store * * * be constructed, erected or placed on any of the lots situate in said Subdivision; nor shall any business or commercial enterprise whatever be operated or maintained thereon * * *."

"(10) Provided, however, that permission is hereby granted to subdivide Lot 19, of Block 8, of this Subdivision, provided that the grantee, his heirs or assigns, will convey the property with the same conditions, restrictions and limitations as apply to the rest of the property in Block 8, of this Subdivision."

That the parties in executing the first contract of sale intended and understood that said property was free from said restrictions set forth above, and have agreed that suit · be brought in the name of the sellers by Copeland and Therrell, as attorneys, for the purpose of clearing title to said property from the effect of those restrictions; that C. H. Hecker, Jr., has deposited $4,000.00 in escrow with the

Miami Beach First National Bank to be held by it as part of the purchase price until the closing of the deal.

The contract, after reciting these facts, provided that the party of the first part agrees to sell to the party of the second part and the latter agrees to purchase from the former, said described lot upon these terms and conditions: (1) That a suit brought by Copeland and Therrell in the name of the first parties and as their attorneys, is successful in clearing the said property from the effect of said restrictions * * *, in which event this contract of sale shall be closed and if such suit is not successful in clearing the property of the said restrictions, this agreement between the parties hereto for the purchase and sale of the said property shall be null, void and of no effect"; (2) payment by the purchaser to Miami Beach First National Bank as escrow agent of $11,000.00 which with the $4,000.00 heretofore deposited shall constitute the cash payment; (3) the purchaser shall execute to the seller two notes for $12,000.00 each, due in one and two years from date of closing; (4) "that the date of closing of this purchase and sale shall be upon the entry of a final decree of a Court of competent jurisdiction removing the above set forth restrictions from the said property and the expiration of the date of a right of appeal from said decree"; (5) that the deposit of $4,000.00 now held in escrow will remain on deposit with the Miami Beach First National Bank pending the closing of the sale, and in the event the suit is unsuccessful, the deposit is to be returned to the purchaser. The contract provided that the first $1,000.00 of costs and expenses of the suit to remove restrictions is to be paid by the purchaser, and all above that amount is to be paid equally by the purchaser and the seller. The contract provided that closing the sale is conditioned upon the seller delivering a good and marketable title as of that date free and clear of the re-

strictions set out above, and free and clear of all encumbrances except: (1) current taxes for the year of the date of closing; (2) the restrictions contained in the deed from Miami Beach Bay Shore Co. to Jess C. Andrew, dated July 17, 1933, other than those heretofore specifically set forth, which are to be removed by court action prior to closing the sale; (3) and any and all zoning ordinances affecting the property as of the date of closing with any amendments thereto. The contract provided that the property was to be conveyed by full and sufficient full covenant warranty deed; that the escrow agent is to pay a broker's commission to the office of Walter B. Wilson; that this contract supersedes that executed on May 20, 1935. The remainder of the contract provided for the payment of the money held by the escrow agent.

On December 16, 1935, Jess C. Andrew filed his bill against certain named defendants to remove, as a cloud on the title, the restrictions on the use of said land. Decrees *pro confesso* were taken against all parties except the Miami Beach Bay Shore Co., which filed an answer denying knowledge of the matters set forth in the bill of complaint, and William H. Bishop, who filed a motion to dismiss the bill, which motion the court thereafter sustained. The court thereafter, pursuant to petition for rehearing, permitted Jess C. Andrew to file an amended bill of complaint, which was done on October 31, 1936.

Subsequently, on February 4th, 1937, upon further hearing on the motion to dismiss as applicable to the amended bill of complaint, the court entered its order, which is in part as follows:

"It is therefore further ordered, adjudged and decreed by the Court that the said written motion to dismiss bill of complaint in this cause be and the same is hereby granted and sustained for want of indispensable parties defendant

and is hereby allowed 10 days from the date of this order to amend his bill of complaint or file amended bill of complaint if he so desires and in the event of the failure of plaintiff to so amend within the time hereby allowed the bill of complaint in this cause shall stand dismissed by this order."

Thereafter, on May 19, 1937, C. H. Hecker, Jr., the purchaser under the contract of sale, filed his petition for leave to intervene as a party plaintiff, which petition the court denied in this language:

"It is thereupon considered, ordered, adjudged and decreed that said petition for leave to intervene be and the same is hereby denied, but it appearing unto the Court that the right of the petitioner on the facts as set forth in said petition have been affected by the final decree of the 4th day of February, 1937, and that he has not been heard before this Court relative thereto, and that there is privity between the plaintiff herein and the petitioner now before the Court, and that the petitioner's proper remedy is by a bill in the nature of a bill of review (see Woodward v. Woodward, 116 Sou. 501; *in re* Newkirk, 154 So. 323; Miami Bank & Trust Co. v. Mahlstedt, 144 So. 659, and Fletcher's Equity Pleading & Practice, 1020, *et seq.*) ; it is thereupon

"Ordered, adjudged and decreed to the extent that leave of Court be necessary or appropriate for filing a bill of review or a bill in the nature of a bill of review, or a supplemental bill, that such leave of Court be and the same is hereby granted to the said C. H. Hecker, Jr."

On May 27, 1937, C. H. Hecker, Jr., brought his bill in the nature of a bill of review against Jess C. Andrew and William H. Bishop, praying that the dismissal order and the order denying leave to intervene be reviewed, reversed and vacated; that plaintiff, C. H. Hecker, Jr., be given an

opportunity to be heard on the matters herein alleged; and that the original chancery cause be revived against the defendants in the name of the original plaintiff therein, Jess C. Andrew, and that C. H. Hecker, Jr., be granted the right to intervene therein as a party plaintiff or that he be given permission to continue the suit in the name of Jess C. Andrew, with permission to further amend the original bill to the extent and in the manner necessary to give the court jurisdiction over the subject matter and parties to said cause so that it may be disposed of upon its merits.

The bill in the nature of a bill of review alleged substantially that C. H. Hecker, Jr., is the real party in interest, for whose sole benefit the bill to quiet title is being maintained, and has been injured by the order of dismissal of February 4, 1937, and the subsequent non-action and *mala fides* of said Jess C. Andrew, and has not had an opportunity to be heard; that it was impossible for C. H. Hecker, Jr., to anticipate these injuries, because Jess C. Andrew was bound by contract to protect, advance and support the interests of this plaintiff in the prosecution of that suit to the same extent as if he were to receive the benefits therefrom; that at the time of the entry of the order of February 4th, 1937, this plaintiff did not act in his own name, but assumed that Jess C. Andrew would meet the conditions of said order, amend the bill within ten days, and continue with the suit; that upon expiration of said ten days period, it was too late for this plaintiff to intervene because the order had become final; that since entry of the dismissal order new matters have arisen entitling this plaintiff to immediate relief herein in that his cause has been wrongfully abandoned by Jess C. Andrew, thereby denying C. H. Hecker, Jr., an opportunity to be heard on his property rights; that Jess C. Andrew attempted to defraud this plaintiff not only by permitting entry of the dismissal order, but by actually through

his counsel drafting and filing said order, marked "Rush"; that said Andrew then urged the escrow agent, the Miami Beach First National Bank, to interpret said dismissal order as a breach and complete failure of the condition of the contract to remove the restrictions from the land; that said land has approximately doubled in value since the contract was signed, so that if Andrew gets the interpretation he desires from the escrow agent this plaintiff will suffer the loss of many thousands of dollars.

William H. Bishop filed his answer disclaiming any interest in the review or reversal of the order of dismissal, but in the event C. H. Hecker, Jr., is granted the right to revive the original bill of complaint and to intervene there, then this defendant prays the right to be heard upon the merits in said revived chancery cause.

Jess C. Andrew filed a motion to dismiss addressed to the bill in the nature of a bill of review, which motion contained thirty-two grounds. The court denied the motion and gave Andrew 14 days in which to file an answer to said bill.

Andrew thereafter filed his answer averring that the contract of September 23, 1935, was without consideration, and that it was not a contract of sale, but a mere promise to pay in the future; that C. H. Hecker, Jr., practiced fraud on defendant Andrew by refusing to comply with the contract of May 20, 1935, and by having another prepared, dated September 23, 1935, which was unfair to Andrew; that Andrew was told that the suit to remove cloud from title would be a simple matter, and he was not advised until January of 1937 that Copeland and Therrell were also attorneys for C. H. Hecker, Jr., which if he had known he would never have signed the latter contract; that upon the resignation of Copeland and Therrell as attorneys, C. C. Youmans was employed as counsel for Andrew and Henry

D. Williams was employed as counsel for Hecker; that C. H. Hecker, Jr., was guilty of *laches* because he and his attorney had notice of the hearing of February 4, 1937, was represented at the hearing and heard the court grant the motion to dismiss because of a lack of indispensable parties defendant; that Andrew was never advised who were indispensable parties defendant; that three or four days after the entry of the order of dismissal ·and prior to the expiration of the ten day period for amendment, Andrew advised Hecker's attorney that he would not amend because he did not know who the indispensable parties .defendant were that the court had in mind; that 78 days after the entry of the order of dismissal Hecker filed a petition for intervention, which petition was denied, and 112 days after entry of said order of dismissal Hecker filed his bill in the nature of a bill of review; that Hecker has no one but himself and his attorneys to blame for dismissal of the bill in the original cause, and that Hecker treated said order as a complete determination of the cause.

The cause was tried before the Chancellor, without the services of a special master. After hearing the evidence for both parties, and being advised of its judgment in the premises, the court entered its final decree therein, containing the following:

"It is therefore ordered, adjudged and decreed that plaintiff's prayer for relief be and the same is hereby granted and the order of this court dated February 4th, A. D. 1937, and entered in Chancery Cause No. 43287-D in said court pending, wherein the court, among other things, granted the motion of defendant William H. Bishop to dismiss plaintiff's amended bill of complaint, be and the same is hereby vacated and rendered null and void.

"It is further ordered, adjudged and decreed that the plaintiff, C. H. Hecker, Jr., by the said order of February

4th, A. D. 1937, was deprived of certain valuable property rights without any opportunity to be heard thereon, and that under the facts and circumstances developed in this cause, and by virtue of a valid contract existing between the said Hecker and the defendant, Jess C. Andrew, the said Hecker is to be the recipient of the benefits which are expected to result from a successful prosecution of the said Chancery Cause No. 43287-D wherein the plaintiff, Jess C. Andrew, sought to have certain deed covenants and use restrictions judicially removed and cancelled in order that the property involved in said cause may be utilized for business purposes; and hence, the said C. H. Hecker, Jr., is adjudged to be the real party in interest on the plaintiff side of said cause and entitled to maintain same in his own name to like extent as could the said Jess C. Andrew.

"It is further ordered, adjudged and decreed that the plaintiff, C. H. Hecker, Jr., may file such supplemental bill on his own behalf as he may be advised, within thirty (30) days from the date hereof, either in this cause or in the said Chancery Cause No. 43287-D, as substitute plaintiff therein, for the purpose of proceeding for the removal and cancellation of the aforesaid deed covenants and use restrictions, and that he shall thenceforth prosecute the said cause to conclusion on the merits with the utmost diligence and expediency.

"It is further ordered, adjudged and decreed that the Court hereby expressly reserves jurisdiction over this cause and the parties hereto for the purpose of adjudicating upon the contract rights and obligations of the plaintiff and the defendant Andrew at such time as the proceeding of the said plaintiff hereinabove sanctioned shall have been concluded by appropriate decree."

An appeal was taken from the order denying the motion to dismiss the bill, and from the final decree.

The court ordered that the final decree be stayed until final disposition of the cause in the Supreme Court, upon Jess C. Andrew filing supersedeas bond in the sum of $5,000.00.

The first question presented is whether or not when a purchaser agrees to purchase land from another on condition that a suit brought by certain attorneys in the name of the seller is successful in clearing the land from certain restrictions, but if not successful, then the agreement to purchase to be null and void and the escrow deposit to be returned to the purchaser, such agreement makes the purchaser the real party in interest in the suit to remove the restrictions, so as to authorize him to bring suit in his own name, after suit by the seller has been dismissed because of failure to join indispensable parties defendant.

The contract under which the parties operated and under which the suit was brought provided that suit to remove as a cloud on the title, certain enumerated restrictions on the land, should be brought in the name of the relator. This was done. The court, upon motion, dismissed the bill because of a lack of indispensable parties defendant. The bill was later amended, and the court again dismissed it on the same ground, with leave to amend it in ten days, otherwise it should stand dismissed. The seller did not amend and by force of that order the bill stood dismissed. The purchaser later asked for leave to intervene, which the court denied, because it believed his remedy was by a bill in the nature of a bill of review, and granted him leave to file a bill in the nature of a bill of review, a bill of review or a supplemental bill. Pursuant to that order, which was not appealed from, the present bill in the nature of a bill of review was filed.

Since no appeal was taken from that order of May 19, 1936, permitting the purchaser to file a bill in the nature

of a bill of review, that order has become the law of the case and cannot be questioned if that procedure is permitted by the practice in this State.

Section 8 of the 1931 Chancery Act, Sec. 4918 (1) C. G. L. 1936 Perm. Supp., provides in part as follows:

"Every action *shall* be prosecuted in the name of the real party in interest, but * * * a party with whom or in whose name a contract has been made for the benefit of another * * * *may* sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded *may* join as plaintiffs * * *" (Emphasis supplied.)

Under this statute it is mandatory that every action be prosecuted in the name of the real party in interest. There are some exceptions, however, when an action need not be brought in the name of the real party in interest, one of which is that party with whom or in whose name a contract is made for the benefit of another *may* sue in his own name without joining the party beneficially interested. Then the statute makes it *permissible* for anyone having an interest in the subject of the action and in obtaining the relief sought to join as parties plaintiff. C. H. Hecker, Jr., purchaser under the contract of sale, had an interest in the subject of the litigation and the relief sought and could therefore have become a party plaintiff in the suit to remove restrictions. The circuit court so decided in denying the petition for leave to intervene. What could have been done in the first instance could be authorized by the court to be done in this manner. The cause was not disposed of on the merits, but the bill was dismissed on account of lack of indispensable parties; consequently it cannot be said that the suit to remove restrictions was unsuccessfully concluded within the meaning of that term as contemplated by

the parties. The purchaser had a right to insist that the matter be determined on the merits and if the court granted him the right to begin his proceedings by bill in the nature of a bill of review, then, absent *laches,* it is not seen where there is any error to complain of.

The second question presented is whether the bill in the nature of a bill of review can be maintained when only one of the defendants to the original suit was made a defendant to this suit.

The original suit had a large number of defendants. A decree *pro confesso* was taken against all but two of them, the Miami Beach Bay Shore Co., which filed an answer denying knowledge of the matters set forth in the bill of complaint, and William H. Bishop, whose motion to dismiss was granted. Jess C. Andrew, plaintiff in the original case, and William H. Bishop, defendant in the original case, were made defendants to the bill in the nature of a bill of review. The parties against whom the decree *pro confesso* was taken and the Miami Beach Bay Shore Co. were not made defendants to this bill in the nature of bill of review.

Bills of review and bills in the nature of bills of review are controlled by the same general principles. Story's Equity Pleading (10th Ed.) Sec. 403; 21 C. J. 725, Sec. 887, citing Durant v. D'Auxy, 107 Ga. 456, 33 S. E. 479; Harrigan v. Peoria County, 262 Ill. 36, 104 N. E. 172. As a general rule, all parties to the original bill must be parties to the bill of review. U. S. Bank v. White, 8 Pet. 262, 8 L. Ed. 938; Perkins v. Hendry, 149 Fed. 526; Landram v. Jordan, 25 App. D. C. 291 (aff. 203 U. S. 56, 27 Sup. Ct. 17, 51 L. Ed. 88) ; Maxwell Land Grant, etc., v. Thompson, 1 N. M. 603.

"But there is no rigid and inflexible rule respecting necessary or indispensable parties to a bill of review. The whole matter is largely one of convenience, and the rule is

not to be so applied as to defeat the purposes of justice. The question in each case resolves itself into the inquiry whether the court can proceed to a decree, and as a necessary corollary to vacate a decree, without prejudice to the rights and interests of a person or party who is not before the court. This is especially true where the circumstances of the case render the application of the general rule as to parties impracticable. Accordingly, the general rule is that only such parties to the original decree as are interested in the decree need be brought in. Generally it is not necessary to join parties who were not necessary parties to the original bill. But all the parties to the original bill whose interests are affected by the decree must be brought in." 21 C. J. 727, Sec. 890.

Under these rules it seems that the parties against whom the decree *pro confesso* was taken in the original suit have lost all of the rights they might have had to contest or advocate the removal of said restrictions on the land in question, because by allowing the decree *pro confesso* to be entered against them, they impliedly said that they did not wish to litigate the matter and that whatever decree the court entered would meet with their approval. Whether the court removed the restrictions or allowed them to remain, or refused to dispose of the question because jursidiction of the subject matter had not been properly invoked, was acquiesced in by these parties, and they need not be made parties to the bill in the nature of a bill of review. The merits of the issues presented by the bill in the nature of a bill of review as framed in this case do not go to the merits of the cause of action attempted to be set up in the original suit. Those issues must be presented by the amended bill by intervenor or by supplemental bill contemplated by and in the final decree and in such amended or supplemental bill all parties at interest should be made parties and there have

their day in court as to issues in which their rights may be involved.

The third question as presented by plaintiff in error incorrectly assumes that the original suit has been "unsuccessfully concluded" in the sense that that term is used in the contract of sale, whereas we have held to the contrary in this opinion. With that portion of the question eliminated, it loses its character as a question for determination.

The fourth question for determination is whether or not the bill in the nature of a bill of review contained sufficient allegations to be maintainable by plaintiff and whether the allegations were proved.

"Owing to the disposition of courts to grant such relief as is called for by a bill without regard to technical refinements and formalities, and the consequent looseness of terminology, the distinction between a bill of review and a bill in the nature of a bill of review has not been made with the clearness and certainty which might be desired. But this same tendency has evolved a strictly technical definition of a bill of review, together with a clearly marked delineation of its grounds and limitations, and, on the other hand, has led to a correspondingly loose application of the term 'bill in the nature of a bill of review' to any bill which has the same general purpose of a bill of review, but which is not technically such. And so, a bill of review being confined to parties to the original cause, a bill having the same general purpose but filed by, or against, a stranger, a bill attacking a decree before its enrollment, and a bill attacking a decree on grounds for which a bill of review does not lie, are considered as bills in the nature of a bill of review." 21 C. J. 724, Sec. 887.

The Illinois Supreme Court has classified bill of review and bills in the nature of a bill of review as follows:

"For all practical purposes all bills of review or bills in the nature of bills of review are divided into three general classes: Bills for error appearing on the face of the decree, bills upon discovery of new matter, and bills based upon allegations of fraud impeaching the original decree. (Story's Eq. Pl, 10th ed., secs. 412, 426, 2 Daniell's Ch. Pl. & Pr., 6th Am. ed., chp. 33, sec. 5; Griggs v. Gear, 3 Gilm. 2; Schaefer v. Wunderle, 154 Ill. 577); Harrigan v. County of Peoria, 262 Ill. 36, 104 N. E. 172.

On the subject of newly discovered evidence and of the situation in which C. H. Hecker, Jr., was placed by the conduct of Jess C. Andrew in the matter, the bill in the nature of a bill of review alleged:

"VIII. That it was impossible for your orator to anticipate the said injuries and to guard against the same because, as set forth in your orator's petition for intervention, Jess C. Andrew was, by solemn contract, bound and obliged under covenant to protect, advance, and support the interests of your orator in the prosecution of said cause to the same extent as if he were to receive the benefits therefrom. Your orator would further show that at the time of the entry of the order of February 4th, A. D. 1937, wherein the Court permitted plaintiff in the original cause, Jess C. Andrew, to amend his bill within ten days, your orator did not act in his own name because he assumed that the said Andrew would meet the conditions of said order and go forward with said suit in a *bona fide* endeavor to accomplish the purposes of same. Your orator would also point out that the aforesaid duty on the part of Jess C. Andrew existed throughout the running of the ten day period allowed for amending the bill; and still exists. That until later advised of the default and non-performance on the said Andrew's part, your orator was entitled to believe and did believe that the plaintiff Andrew would fulfill his cove-

nants hereinabove set forth in the petition for intervention and the written contract thereto attached by amending the said bill (or amended bill) to quiet title as required by the Court; that immediately the order of dismissal of February 4th, 1937, became final by the expiration of the ten days allowed the said Andrew for amending the bill, it was too late for your orator to intervene in the said cause, because the order aforesaid had become final under your Honor's interpretation of the legal effect and status of said instrument.

"IX. Your orator would show therefore that since the entry of the dismissal order aforesaid, new matters have arisen and different circumstances have been discovered by your orator entitling him to immediate relief herein, in that his cause has been wrongfully abandoned by the plaintiff in the original suit and he has thus been denied an opportunity to be heard upon his property rights by the willful negligence or deliberate failure to act of one upon whose positive actions he was entitled to and did depend and rely, to-wit, Jess C. Andrew, the complainant in the original bill, who was acting solely in your orator's behalf, the premises of Paragraph VII of the petition for intervention considered.

"X. Your orator would further show that by attempting to foreclose and deny to your orator an opportunity to be heard before this tribunal, the dismissal order aforesaid was a fraud upon his rights and interests in that the said Jess C. Andrew by deliberately and wrongfully failing to amend his bill to quiet title, in pursuance of the permission granted by the Court, intended and attempted to defraud your orator by not only inertly permitting the entry of the said order of dismissal, but actually, through his private counsel, by drafting and filing the said order of February 4th, 1937, marked 'Rush.' That the said Andrew then personally pe-

titioned and urged the escrow agent, Miami Beach First National Bank, to construe and interpret the said order as a breach and complete failure of the condition, to-wit: The successful conclusion of an attempt to remove the restrictions by bill to quiet title to be brought by the said Jess C. Andrew, of a land purchase contract by the terms of which your orator is the contract vendee and the said Jess C. Andrew the contract vendor of those certain lands involved in the said Chancery Cause No. 43287-D, and in this cause. That the value of the said lands has been greatly increased and enhanced since the date of the signing of the aforesaid contract, in fact, approximately doubling in value, so that should the said Andrew be successful in his attempt to procure the interpretation he desires of the effect of the said order of dismissal upon the said land purchase contract, your orator will suffer a loss of many thousands of dollars, all of which more completely appears by the petition for intervention hereto attached as Exhibit (a), which is hereby made a part hereof by reference, as a further allegation of this bill."

These allegations are sufficient to show grounds upon which plaintiff may maintain this bill in the nature of a bill of review.

There was evidence tending to support the allegation of the bill that Hecker knew nothing of Andrew's intention to abandon the suit until after the time for filing an amended bill had passed. C. H. Hecker, Jr., testified on cross-examination:

"I did not know that he had not filed a bill within the time limit until the time limit had expired, because every attempt we made to ascertain such through Mr. Youmans was neither answered yes or no, but Mr. Youmans was trying to get in touch with his client and that he had not

heard from Mr. Andrew as yet, so he didn't know what action he was going to take."

The evidence on this point was conflicting, of course, and the Chancellor found that there was sufficient evidence on this point to sustain the allegations on the point in the bill in the nature of a bill of review. In the absence of a showing of error we cannot disturb the finding of the Chancellor in this respect.

The fifth question presented is whether C. H. Hecker, Jr., was barred by *laches* from maintaining this bill in the nature of bill of review.

The record shows that the order dismissing the amended bill of complaint was made February 4, 1937. The order allowed ten days, or to February 14, 1937, in which to amend before it, by its own terms, became final as to dismissal of that bill. The order was filed for record February 4, 1937, but was not recorded until February 16, 1937. The petition for intervention was filed on April 23, 1937. The petition for intervention was denied on May 19, 1937, and eight days later on May 27, 1937, the bill in the nature of a bill of review was filed. This was less than six months after the entry of the order of dismissal, the time limit allowed by statute for taking an appeal. Sec. 4960 C. G. L. Bills of review based upon error apparent on the face of the rceord must be brought within the statutory period for taking an appeal. Pace v. Pace, 99 Fla. 859, 128 So. 488; Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 So. 659. But bills in the nature of a bill of review are not so limited. In the case of City of Winter Haven v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 So. 360, we said:

"The decisions in this State by implication and in terms recognize a clear distinction between bills of review and original bills in the nature of bills of review and the rules

governing their maintenance. The latter are controlled largely by the discretion of the court and are not limited in the time of filing to the six months for taking an appeal. Hall v. Hall, 93 Fla. 709, 112 So. 622; *In re* Newkirk, 114 Fla. 552, 154 So. 323; Haynsworth v. Polk County Building & Loan Ass'n, 111 Fla. 451, 149 So. 615; Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 So. 649; Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893.

"In some of these cases the bill in the nature of a bill of review was actually filed after six months, and in none of them was the rule as to strict bills of review enforced. The bill in the instant case presents equities that, if established, appeal strongly to the conscience of a chancellor, and there is no showing of abuse of discretion either in the filing of the bill or in the denial of the motion to dismiss."

The chancellor below found that C. H. Hecker, Jr., was not guilty of *laches* in presenting the matter before the court. The matter was presented within the time allowed for a strict bill of review, although it, being a bill in the nature of a bill of review, might have been presented after the time for taking an appeal had expired. It is not made to appear that the chancellor, in permitting this bill in the nature of a bill of review to be filed and maintained, abused his discretion, as it appears that the abandonment of the cause by Jess C. Andrew was a matter that would lend itself to the consideration of a court of conscience, and we are not warranted in disturbing the finding of the chancellor in that particular matter.

The sixth question presented is whether C. H. Hecker, Jr., can maintain this bill in the nature of a bill of review when his only purpose in filing it is to attempt to enforce an alleged real estate contract against Jess C. Andrew, in

which contract none of the defendants in the original suit have any interest.

The sixth question presented argues that the bill in the nature of a bill of review is multifarious because it joins an action to enforce a real estate contract with an action to remove restrictions from the property and the defendants in said cause have no common interest in the subject of the litigation. This contention is unsound because plaintiff in error has misconceived the scope of this bill in the nature of a bill of review. The prayer of this bill is that the dismissal order of February 4, 1937, and the order denying the right to intervene, of May 19, 1937, be set aside; that C. H. Hecker, Jr., be given an opportunity to be heard upon the merits alleged therein; and that the original chancery cause be revived against the original defendants in the name of Jess C. Andrew, and Hecker be given the right to intervene there as a party plaintiff or continue the suit in the name of Jess C. Andrew, and be allowed to amend the original bill to the extent and in the manner necessary to give the court jurisdiction over the subject matter and the parties, so the cause may be disposed of on its merits. The bill in the nature of a bill of review is based on the newly discovered element of the abandonment of the further prosecution of the cause by Jess C. Andrew. The merits of the cause have never been reached in the court below. Some of the defendants in the cause below, those who participated in the proceedings and who did not allow decree *pro confesso* to be entered against them, are interested in this matter, which involves whether or not the suit to remove restrictions from the land will be heard on its merits. The contention that this bill in the nature of a bill of review is multifarious is without merit, as it is not made to appear wherein it is multifarious.

The seventh question presented is whether upon dis-

missal, in the original cause, of the amended bill for failure to join indispensable parties defendant, Jess C. Andrew had fully complied with the contract in regard to bringing suit to remove said restrictions.

The contract upon the original suit was begun provided that the party of the first part agreed to sell to the party of the second part and the latter agreed to purchase from the former the land in question upon certain terms and conditions, the first of which recited:

"1. Upon the condition that a suit brought by Copeland & Therrell in the name of the first parties and as their attorneys, is successful in clearing the said property from the effect of the said restrictions specifically set forth above, in which event the contract of sale shall be closed and if such suit is not successful in clearing the property of the said restrictions, this agreement between the parties hereto for the purchase and sale of the said property shall be null, void and of no effect."

This provision of the contract contemplated that the determination of the cause would be upon the merits and not by any dismissal of the cause because of a failure to join indispensable parties defendant. Therefore, our conclusion is that the contract in this particular has not been complied with.

The eighth question presented is whether this contract is such as the court will specifically enforce by authorizing the purchaser to maintain a bill in the nature of a bill of review to impeach the final decree in a suit brought by the seller to remove restrictions and by permitting the purchaser to bring another suit in his own name to remove such restrictions.

Under this question it is argued that this contract is one requiring personal services, skill, technical knowledge, judgment and discretion, extending over a considerable period of

time, and that it is not enforceable by the courts. The contract under consideration here is one for the sale of land and not one for the performance of services of a personal nature and the like. One of the conditions for the performance of that contract of sale is the removal of certain enumerated restrictions from the use of the land by suit brought for that purpose. The right under the contract sought to be enforced is the right to purchase the property, but prior to the actual purchase, the restrictions must be successfully removed by a decree of a court of competent jurisdiction. The rules applicable to contracts for the performance of personal services, skill, technical knowledge, judgment and discretion are not applicable here. The chancellor held that C. H. Hecker, Jr., may file such supplemental bill on his own behalf as he may be advised, within thirty days from the date of the final decree, either in this cause or in the original cause, as substitute plaintiff therein, for the purpose of proceeding for the removal and cancellation of the aforesaid covenants and restrictions. It is not made to appear wherein the chancellor in entering this provision in the final decree committed error. See Fletcher's Equity Pleading & Practice 887-892, Sec. 825.

The ninth question presented is whether the purchaser has come into equity with clean hands in regard to entering into the second contract of sale.

It is argued under this question that C. H. Hecker, Jr., took undue advantage of Jess C. Andrew in getting him to enter into the second contract. Jess C. Andrew, on cross examination, gave the following pertinent testimony:

"Q. Mr. Andrew, other than Mr. Hecker's refusal to agree that you are entitled to a better price for your property, do you know of any manner in which he has exhibited an overreaching or fraudulent attitude in this entire transaction?

"A. I don't think Mr. Hecker has been fraudulent at all. I think, if your Honor please, that a serious mistake was made by attorneys and not by Mr. Hecker, trying to represent two parties.

"Q. Now, it is charged in the answer, 'Mr. Hecker has taken undue advantage and unconscionable and unscrupulous conduct in his dealings with you. * * *.

"THE COURT: I feel like it would be unnecessary taking up the Court's time to cross-examine this witness concerning anything that might be in his answer.

"MR. HUNT: All right, sir."

We think that in view of the above quoted testimony given by the seller, Andrew, and the fact that he voluntarily signed the second contract, and so testified, and under authority of that contract Copeland and Therrell instituted, in the name of Jess C. Andrew, a suit to remove certain enumerated restrictions from the said property, that Andrew's conduct has been such as to preclude his now raising the objection that he was led into entering into the second contract by the overreaching and fraudulent conduct of Hecker and that Hecker's hands were so unclean that he could not maintain the bill in the nature of a bill of review.

The tenth question presented is where the remedy of the purchaser for failure of condition in contract to purchase lands is fixed by the contract itself by a provision for the return of the hand money to the purchaser, does such contract limit the remedy of the purchaser to the return of the money as provided.

This question is not properly before us for determination because there has not been an unsuccessful termination of the suit to remove said restrictions from the land, as contemplated by the terms of the contract.

It is contended that the court erred in refusing to allow the attorney for Jess C. Andrew to present oral argument in his behalf at the conclusion of taking testimony. The court in explaining its refusal to grant oral argument said:

"The Court: Just put that in there. The truth is this Court heard the testimony itself, did not refer the case to a master, taking time out to do it himself instead of burdening the parties in Master's proceedings, and when the Court got through with taking the testimony the court was ready to render a decree and saw no need for argument, having a full understanding of the case, and having other matters to attend to."

When the pleadings and evidence in a chancery case have been submitted to the chancellor, the case is then before him for disposition, and he may exercise his own pleasure and discretion as to whether or not he will hear argument from counsel pro and con on the merits of the case. Farmers' Bank & Trust Co., v. Ravlin Corporation, 94 Fla. 218, 114 So. 246. Therefore, the chancellor was acting within his discretion in refusing to hear oral argument in this case.

It is contended that the court erred in refusing to permit Jess C. Andrew to answer the question as to whether when the contract of September 23, 1935, had been sent up for him to sign, if he had known that Copeland and Therrell at that time had been representing Hecker and had been representing him all the time in the transaction, he would have signed it.

The obvious purpose of the question propounded was to attack the validity of the contract of September 23, 1935. The contract was actually signed by Andrew, the suit agreed to be begun was actually begun, motion to dismiss was granted, an amended bill was filed which was likewise dismissed, and Andrew never made any objection to the validity of the contract, so far as this record shows. Waiting

until after the bill in the nature of a bill of review is filed to question the validity of the contract, it would seem, comes too late for such claim to be considered. It would seem that the affirmative action of Andrew in instituting the suit to clear the land of said restrictions would be an implied admission that he wished to operate under that contract. Mr. Andrew testified as follows on cross examination:

"Q. Then when Mr. Hecker wrote Copeland and Therrell and submitted in rough the proposal which substantially is now embraced in the new contract, they did submit it to you, and you accepted it by your letter of August 26th, 1935.

"A. Yes."

The letter to which this bit of testimony referred contained the following language:

"THE PINES FARM

"West Point, Indiana, Aug. 26th, 35.

"Dear Mr. Therrell:

"I have yours of the 23rd instant enclosing copy of Mr. Hecker's letter.

"I think Mr. Hecker is fair in the matter and am willing to proceed under these conditions, provided you so advise. From my limited law experience the proposition looks okay. Mr. Hecker deserved the property and I want to see him get it rather than anyone else. You may proceed as you think best. Thanking you.

"Yours very truly,

"JESS C. ANDREW."

It appears from these, as well as from other matters in the record that Andrew had previously adopted the contract as valid and accepted the terms embodied therein, and he cannot now be heard to repudiate that contract.

Therefore, the court was correct in refusing to allow Jess C. Andrew to answer this question.

It is contended that the court erred in refusing to permit C. C. Youmans, attorney, to finish his testimony in regard to the conversation had with the judge who presided in the original suit, as to who were indispensable parties defendant. The court properly refused to permit this testimony to be given, because it could in no way have affected or had any bearing on the issues before the court now. Whoever the judge might or might not have said were indispensable parties defendant, in a conversation with attorneys, was stated after the order had been entered, was not a part of the order or of the proceedings, and amounted to no more than an expression of the private opinion of the judge, and could not be binding on the parties or the court.

It is contended that the court erred in refusing to permit Jess C. Andrew to answer the following question:

"Mr. Andrew, were you ever advised by Mr. Hecker, or by any parties to the cause, or by anyone, as to who the indispensable parties were that the court said had not been enjoined in the cause?"

The question was asked for the obvious purpose of showing that Jess C. Andrew acted in good faith in failing to further prosecute the action and in allowing it to be dismissed without amending as provided in the order of dismissal. The duty of looking into the law relating to who should be made parties to a cause is on the attorney for Andrew. Andrew himself may never have been apprised of the proper parties defendant and yet his attorney may have known exactly who were the indispensable parties defendant. Though the answer to the question propounded might tend to show the *bona fide* intention of Jess C. Andrew in the matter, yet even so, it would not be conclusive of the matter of good faith, because the question involved a matter

of law, about which a layman is not usually familiar. Andrew would not be expected to know who indispensable parties were.

It is contended that the court erred in striking the following portion of the testimony of G. C. Youmans:

"Mr. Williams stated that he had consulted with his client and that they had decided not to intervene as they did not believe that the contract gave Mr. Hecker the right to participate in the litigation."

This portion of the testimony was properly stricken because there was no evidence to show that Mr. Williams had any authority to bind Mr. Hecker to any particular course of conduct with relation to the case.

It is also contended that the court erred in sustaining objection to the following question asked Attorney Henry D. Williams:

"I will ask you, Mr. Williams, another question. At our conference that I testified about when I asked if you were going to intervene, and you stated that you didn't think so, and that you had in mind making a tender, and demanding the property, were those statements from you made as attorney for Mr. Hecker and with authority from Mr. Hecker?"

The court correctly refused to let the witness answer this question because it assumes that the witness said certain things without first giving him an opportunity to say whether he said them or not, and because it also assumes that Mr. Williams had authority to represent Mr. Hecker in the matter without asking whether he had or not.

Finding no reversible error disclosed by the record, the decree is affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.