DREW, Justice.
The appellees, Bryan and Jessie Boyer, commenced this litigation by instituting a suit against the appellants, Frumkes, Gratz and Light, to remove a cloud from appel-lees’ title to a 30-foot strip of land lying to the north of and adjacent to a parcel owned by appellants. The cloud is alleged to have arisen out of a conveyance from an intervening grantee to appellants covering the 30-foot strip along with an adjacent parcel originally owned by appellees.
The controversy originated under the terms of a sales agreement between appel-lees, plaintiffs below, as vendors, hereafter called plaintiffs, and one Roth, predecessor in title of appellants, hereafter called defendants, and a deed executed pursuant thereto in 1953, by which the plaintiffs conveyed:
“The North 115 feet of East 135 ■ feet of Tract 11, in Section 6, Township 53 South, Range 41 East, Florida Ranch and Dairy Corporation, as per plat thereof recorded in Plat Book 7, page 113, of the Public Records of Dade County, Florida, less the North 30 feet thereof, which shall be dedicated within one year for a piiblic street or road.” (Emphasis added.)
The concluding language was preserved in an intervening conveyance, but omitted from the deed to defendants, which purported to convey the entire north 115 feet of *388 the plot in question. A plat incorporated in the record makes plain the physical features around which the argument revolves:

The defendants, by their answer, denied that the plaintiffs owned the clear fee simple title to the 30-foot strip, and asserted that “Plaintiff held said property subject to a covenant to dedicate which had never been performed.” It was further set forth by way of counterclaim that each intervening deed of the property, including the deed to defendants above described, constituted a conveyance by grantors of “all their interest that they had in said covenant to dedicate the North 30 feet thereof for a public street or road.” Defendants asked that plaintiffs “be decreed to specifically perform the said covenant to dedicate.”
As an affirmative defense to the counterclaim the plaintiffs asserted that they had done everything in their power to dedicate the disputed strip. The evidence in this regard shows little or no response by plaintiffs to repeated requests by counsel for execution of an instrument of dedication, other than negotiations exemplified by a *389 letter.to the city council under date of June 13, 1955, as follows:
“In 1953 I sold 85 feet of frontage on Palm Avenue and West 47 Street leaving 30 feet to the north which I still own. In the selling contract I stated that if and when the adjoining property owners should decide to dedicate an equal portion for a street to run from Palm Avenue west to 2nd Avenue, I would then dedicate my share of the street.
“Since the City of Hialeah has purchased the adjoining property I would like to know if the City intends to put this street through.
“I understand the City intends to use the property for recreational purposes and will not put a street through. If that is the case I would appreciate a letter stating that the City will not accept my dedication of the captioned property.”
City officials obliged with a statement approving a recommendation from the Planning & Zoning Board “that you be sent a letter informing you that the City of Hialeah has no intentions of opening West 47th Street from Palm Avenue to West 2nd Avenue and that the City has no intention of dedicating their portion of the street right-of-way and thereby relieve you of any obligation for the dedication of your portion of this street.”
The decree entered in the cause contains no finding on the latter issue but states simply that “the grantors, by their execution and delivery of the deed, did not become contractually obligated or bound to the grantee, or to her successors in interest, to effect a dedication of the excepted thirty-foot strip.” The court decreed accordingly, (1) that the fee simple title to the strip should be quieted and confirmed in plaintiff, and (2) that the defendants’ counterclaim should be dismissed with prejudice.
Part (1) of the decree is on its face, correct, and the defendants in fact concede that the deed by which they acquired title to the adjoining property could not operate to vest in them the fee to' the 30-foot strip to the north. But this part of the decree is not inconsistent with defendants’ counterclaim for equitable relief under the terms of the contract and deed from plaintiffs to their predecessor.
At the hearing below the court stated its position as follows: “I don’t think the deed, unless there is some writing other than the deed itself, imposed any obligation on the plaintiffs to the grantee. There may have been some obligation, contractual or otherwise, which bound the plaintiffs to- dedicate, but that obligation would be to some public body such as the County or the City of Hialeah.” It is apparent that the covenant or agreement for dedication of the adjacent strip would have been a significant consideration to the original grantee, and, in all likelihood, of controlling influence to succeeding grantees. The fact that the obligation was to make the grant to the public, as opposed to grantees personally, is immaterial so far as concerns the grantees’ right to enforce performance of an act obviously of special benefit to them and the land they bought.
The projected dedication would have provided access along the north boundary as to a corner lot and would have precluded the possibility of immediately neighboring buildings, without regard to whether the street was to intersect the entire block. The grantors’ subsequent attempts to en-graft the last mentioned condition upon the plain language of the deed constituted an attempt to alter its literal terms, and the evidence does not in any event show that such was the intention of the parties. Since the provision so vitally affected the character of the adjacent property conveyed by plaintiffs, it must be considered a covenant meant to run with the land, rather *390 than to benefit the original purchaser personally. Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394. Annotation 102 A.L.R. 781. Cf. Washingtonian Apartment Hotel Co. v. Schneider, Fla., 75 So.2d 907. The right of succeeding grantees to enforce the provision upon failure of performance within the time limited is, of course, governed by established equitable principles as to laches, etc., but the subject matter of the covenant, being an appurtenant interest in realty, clearly affords a ground for the exercise of equity jurisdiction in a proceeding for specific performance or other relief. 49 Am.Jur., Spec.Perf., Sec. 123. See Andrew v. Hecker, 132 Fla. 759, 182 So. 251; Walker v. Close, 98 Fla. 1103, 125 So. 521, 126 So. 289.
While dedication is inherently incapable of being finally accomplished by the grantor alone, without acceptance on the part of the public or its authorized officers, (Miller v. Bay-To-Gulf, Inc., 141 Fla. 452, 193 So. 425) a stipulation that land “shall be dedicated” cannot be construed otherwise than to require an unconditional grant susceptible of acceptance within a reasonable time.
The questions of defendants’ rights in the street in the event it is dedicated and thereafter abandoned, or the offer of dedication is refused, are not before us at this stage of the proceedings and are not decided.
The decree is reversed insofar as it dismisses defendants’ counterclaim, and remanded for entry of a decree in accordance with the principles above stated, with directions that the question of costs be reconsidered in the light of the views herein expressed.
Affirmed in part and reversed in part.
TERRELL, C. J., THOMAS and , ROBERTS, JJ., and PARKS, Circuit Judge, concur.