### PEOPLE ex rel. CONNECTICUT MUT. LIFE INS. CO. v. KELSEY, State Comptroller.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

CONSTITUTIONAL LAW—RETROSPECTIVE LAWS—TAXATION—INSURANCE COMPANIES.

> Laws 1896, p. 795, c. 908, as amended by Laws 1901, p. 297, c. 118, imposed on foreign insurance companies a tax of a certain per cent. on gross premiums received during the calendar year preceding that in which the tax was payable for new business done during such year. Laws 1905, p. 131, c. 94, so amended the statute as to require payment of the same per cent. on all premiums received during the preceding calendar year for business done at any time in the state; the statute taking effect in March, 1905, and the tax being payable in the following July. *Held* that, the tax not being one upon property, but a franchise tax for privileges enjoyed, it was not invalid on constitutional grounds, as retroactive.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Constitutional Law, §§ 530–532.]

Certiorari by the people, on the relation of the Connecticut Mutual Life Insurance Company, to review the action of Otto Kelsey, as Comptroller of the State, in denying the application of relator for a resettlement and readjustment of an assessment for franchise taxes against the relator. Determination of the Comptroller confirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

Mead & Hatt, for relator.

Julius M. Mayer, Atty. Gen., and Horace McGuire, Deputy Atty. Gen., for respondent.

CHESTER, J. The relator is a foreign life insurance corporation. It procured a certificate from the Superintendent of Insurance of this state authorizing it to transact the business of life insurance therein, on January 1, 1904, and has ever since been engaged in this state in the prosecution of such business. On the 7th day of April, 1905, it made its report to the Comptroller of the gross amount of premiums received by it for the preceding calendar year—that is, for the year ending December 31, 1904—for business done in this state, in accordance with the requirements of subdivision 5 of section 189 of the tax law (chapter 908, p. 861, of the Laws of 1896, as amended by chapter 118, p. 298, of the Laws of 1901, and by chapter 94, p. 133, of the Laws of 1905). Such report showed the gross amount of premiums so received to be $1,148,887.24. The Comptroller, pursuant to section 187

of the tax law, imposed a tax against the relator, based upon such report, of 1 per cent. of such premium receipts; and this writ brings up for review his determination refusing to readjust and resettle such tax.

Since the decision of the Court of Appeals in People ex rel. Provident Savings Life Insurance Society v. Miller, 179 N. Y. 227, 71 N. E. 930, the Legislature by chapter 94, p. 131, of the Laws of 1905, amended section 187 and subdivision 5 of section 189 of the tax law, so as to clearly and expressly include, in the term "gross amount of premiums," used therein, all premiums on all policies, certificates, and renewals, received during the preceding calendar year for business done at any time in this state, and to impose a tax based thereon, instead of upon premiums for new business done in this state during such year. While the Comptroller has said in his return that the franchise tax in question was imposed upon the relator for the privilege of carrying on its business within this state "during the year 1904," it is entirely clear that, whether he was correct in so stating or not, the tax imposed was in fact the one which was made by such section 187, payable in the year 1905, "on or before July 1st," and the amount of this tax was based on the gross amount of all premiums received during the preceding calendar year for business done at any time within this state, as required by such section. It is wholly unimportant whether the tax was for the privilege of carrying on business within the state "during the year 1904," so long as it is evident that it was the tax payable July 1, 1905. The statute clearly defines what tax it was which was imposed. The relator was found here in this state exercising its corporate franchises and carrying on its business in its corporate and organized capacity, when it was required to make its report to the Comptroller and when the tax under this statute was made payable. It was therefore liable to pay the annual tax imposed under this statute for the privileges it enjoyed. Upon paying the tax so imposed the relator was exempt from any further tax under this section until the time when, pursuant to it, the next annual tax was made payable. The tax is in no sense a tax upon the relator's property or business "during the year 1904," but it was a tax for the exercising of such privileges, based, as the Legislature had a right to base it, upon its gross premiums received here during such year; that is, the prior calendar year. The tax is not a retroactive one, but was imposed upon the relator because it was here within this state exercising such privileges at the time it was required to report and at the time when the tax was payable.

The amendatory act of 1905 (chapter 94, p. 131) became a law March 23d of that year; and it is urged that it could properly have no retroactive effect, and therefore that a tax for the privilege of doing business during the year 1904, or during that part of the year 1905 prior to the taking effect of the amendment, cannot be sustained for constitutional reasons. But the act of 1905 was not the first one imposing a franchise tax upon foreign insurance corporations, and prior to the amendment such corporations were taxable at the same rate as under the amendment on the gross amount of premiums received during the preceding calendar year for business done in this state. The tax not being one upon property, but being a franchise tax for privi-

leges enjoyed, based upon the gross premiums received in the state for
a certain defined period, and payable at a definite time once each year
by all insurance corporations exercising such privileges in the state, was
clearly within the legislative power to impose. People ex rel. U. S. A.
P. P. Co. v. Knight, 174 N. Y. 475, 67 N. E. 65. The act imposing it,
so construed, is not in any sense retroactive, and therefore the argu-
ments aimed against its validity from a constitutional point of view
have no force.

For these reasons, the determination of the Comptroller should be
confirmed, with $50 costs and disbursements to the defendant. All
concur.