C. HARRIET REED, INDIVIDUALLY AND JOINED BY HER HUS-
BAND, HARRISON REED, *Appellant*, v. MENDEL CROMER,
*et al., Appellees.*

Opinion Filed December 20, 1923.

1. All appeals whether by a married woman or any other per-
son, must be taken within six months after the entry of the
order of decree appealed from.

2. Section 3173 does not operate to substitute Section 2910 of
the Revised General Statutes in relation to the limitation of
time for suing out writs of error for Section 3168, Revised
General Statutes, which limits the time for taking an appeal
in chancery.

This case. was decided by .Division A.

Appeal dismissed.

*Bart A. Riley,* for Appellant;

*Gramling & Clarkson,* for Appellees.

BROWNE, J.—A former appeal of this case was dis-
missed on motion of appellees, because it was made return-
able on a date more than ninety days from the entry of
the appeal.

On the 30th day of November, 1923, Mrs. Catherine
Harriet Reed, a married woman, one of the former appel-
lants, "individually and joined by her husband," entered
her appeal from the same final decree, more than eight
months after its entry.

Application is now made to this court for an order of
supersedeas, in the new appeal.

Section 2910, Revised General Statutes of Florida, 1920, provides: "Where a married woman shall be a party to any such judgment she shall be allowed two years in which to sue out a writ of error upon the same."

Section 3173, Revised General Statutes of Florida, 1920, provides: "The provisions of law relating to writs of error governing the filing of transcripts of record, and proceedings thereon, and filing assignments of errors, the duty of appellate court in examining the record and giving judgment, in causing execution of its decrees and in quashing writs of error shall be applicable to appeals in chancery."

The appellant seeks to find authority for the new appeal in the provisions of these two sections, and contends that because it was taken by Mrs. Catherine Harriet Reed, a married woman, it comes within their provisions, and can be maintained.

Section 3168, Revised General Statutes of Florida, 1920, provides that "Appeals in chancery * * * must be taken within six months after the entry of the order or decree appealed from."

Section 3173, Revised General Statutes of Florida, 1920, limits the application of the "provisions of the law relating to writs of error," to steps taken after the appeal, and confines the application of its provisions to the specific things enumerated therein."

We think that Section 3168, Revised General Statutes, controls, and that all appeals whether by a married woman or any other person, must be taken within six months after the entry of the order or decree appealed from, and that Section 3173 does not operate to substitute Section 2910 of the Revised General Statutes in relation to the limitation of time for suing out writs of error

for Section 3168, Revised General Statutes, which limits the time for taking an appeal in chancery.

The application for an order of supersedeas is denied, and the appeal dismissed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.