H. S. EBERLE and MRS. A. M. EBERLE, joined by her husband and next friend, H. S. EBERLE, *Appellants,* v. MARION WILSON, *Appellee.*

Division B.

Opinion filed March 20, 1929.

*Leonardy & Leonardy* for Appellants;

*Stewart & Stewart,* for Appellee.

BUFORD, J.—In this case decree *pro confesso* was entered August 2, 1926. Testimony was taken December 30, 1926. Report of Special Master was filed March 2, 1927. Final decree was entered March 12, 1927. A motion to vacate decree *pro confesso,* the order appointing a Special Master and final decree was filed September 17, 1927, and on that date an order was made vacating the decree *pro confesso* the Order appointing a Special Master and the final decree, from which Order appeal was taken.

It will be observed that the order vacating the final decree and other orders referred to was made more than six (6) months after the entry of the final decree.

It appears that the entry of the decree *pro confesso* was irregular but was not void. It also appears from the record that the final decree was based upon testimony taken after the time was expired and that therefore the entry of this decree was error, but the decree was not void. See Woodward v. Woodward, 95 Fla. 396, 116 So. R. 501.

At the expiration of six months from the date of the entry of the final decree, such decree which had already become absolute, could not then be corrected either by appeal or by order of the Circuit Court. Mabson v. Christ, 119, So. R. 131.

The decree by the passage of time, that is by the passage of a period of more than six months from the date of its entry in the proper court records had passed beyond the control of the Court.

For the reasons stated, orders appealed from should be reversed and it is so ordered.

Reversed.

Whitfield, P. J., and Strum, J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.