T. R. KNIGHT and LULA KNIGHT, his wife, *Appellants,* vs. ROSE V. RAFFEL, a feme sole, *Appellee.*

140 So. 199.

Division A.

Opinion filed March 11, 1932.

*R. B. Gautier* and *W. W. Colson, Jr.,* for Appellants;

*Shutts & Bowen* and *L. S. Julian,* and *H. N. Boureau,* for Appellee.

PER CURIAM.—In this case the appeal is from a final decree made on the 17th day of May, 1929, and filed in the Clerk's office on the 18th day of May, 1929, and from order vacating and setting aside a previous order of Court made on July 16th, 1929, which was appealed from order made on the 12th day of October, 1929.

The record shows that the defendants, after due notice were granted leave to amend their respective answers by an order made on the 20th day of November, 1928, and that on the same day the defendant Lula Knight filed

her amended answer to paragraph 9 of her original answer as authorized by order of Court; and defendant T. R. Knight filed amendment to paragraph 15 of his answer as authorized by order of Court. The final decree recites as follows:

"IT FURTHER APPEARING TO THE COURT that the defendants did on to-wit, August 6th 1928, file in this cause their respective Motions for leave to amend their respective answers theretofore filed herein, and that the defendants, thereafter, to-wit, on November 15th, 1928, served notice upon the complainant, that they would call their said motions up for a hearing before the Court on November 20th, 1928; and . IT FURTHER APPEARING to the Court and the Court so finding that the defendants' said Motions have never been presented to nor argued before the Court, and that the defendants have not and that neither of them have ever tendered unto the Court the proposed amendment to their respective answers, and that said Motions for leave to amend should therefore be treated and considered as having been abandoned by the defendants;"

It is then decreed:

"That the respective motions filed herein by the respective defendants on August 6th, 1928, for leave to amend their respective answers, be and they each and both are hereby treated and considered as having been abandoned by the defendant."

Later, but after the time had expired in which the Court could properly vacate and set aside its decree, the Court made an order granting a rehearing and vacating the final decree. Thereafter, upon motion being made, the order vacating the final decree and granting a rehearing was vacated in which the Court recited:

"This cause coming on to be heard upon complainant's motion for an order vacating and setting aside that certain previous order made and rendered herein on the 16th day of July, 1929, denying complainant's motion to strike defendants' petition for a re-

hearing, and granting defendants' said petition for rehearing, vacating and setting aside the Master's sale of the mortgaged premises involved herein, held on the 1st day of July, 1929, and vacating and setting aside the final decree of foreclosure and sale herein, and granting a rehearing of this cause, and the parties hereto being present by and through their respective solicitors, and said motion having been argued, and the court being fully advised in the premises, finds that the final decree in this cause, which was prepared by the solicitors for the complainant, and which is recorded in Chancery Order Book 166 at page 39 thereof, is erroneous, in that it is predicated upon the theory that the defendant's motion for leave to amend their respective answers was abandoned and that the amendments to said answers had not been allowed, whereas, said amendments to said respective answers were in fact allowed by an order made herein on November 20th, 1928, and recorded in Chancery Order Book 148 at page 83 thereof, and it further appearing to the Court and the Court so finds, that the amendment filed herein on November 20th, 1928, to the separate answer of the defendant Lula Knight, is a material amendment, and lays the predicate for a complete defense in bar of this suit, and that if said amendment and the evidence in support thereof had been considered by the Court, at the final hearing of this cause, the result would possibly have been a final decree dismissing the bill rather than a final decree of foreclosure, and it further appearing to the Court and the Court so finds, that the defendant's petition for a rehearing of this cause, which was filed with the Clerk on July 13th, 1929, was not presented to the undersigned Judge until June 25th, 1929, which was more than thirty days after the date of the recording of the final decree herein, and that the Court did not therefore, have jurisdiction to entertain said petition nor to make said order on July 16th, 1929, notwithstanding the entry of said final decree was erroneous.''

and thereupon vacated the order vacating the final decree and granting the rehearing.

It is apparent, therefore, from the record that the final decree was entered by the Chancellor upon a misapprehension of the status of the pleadings and without considering evidence or argument in support of the allegations contained in the unconsidered pleadings.

Under this showing it appears that equity and justice demand that the decrees appealed from be reversed and the cause be remanded to the court below with directions that the Chancellor and the parties proceed from the point in the progress of the cause where the amendments to answers were filed as if no proceedings had been had and no time had elapsed since the filing of such amendments to answers. It is so ordered.

Reversed and remanded.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

TERRELL AND DAVIS, J.J., concur in the opinion and judgment.