LELA ATWELL v. CHARLES E. ATWELL.

149 So. 555.

Division B.

Opinion Filed July 10, 1933.

*David B. Newsom* and *S. Grover Morrow,* for Appellant; *Geo. B. Davis* and *Charles S. Loden,* for Appellee.

BUFORD, J.—Final decree was entered by the Chancellor pursuant to an order of reference to and report of special master and filed on the 25th day of May, 1931, which decree found the equities to be with the defendant and dismissed the Bill of Complaint.

This decree was subject to review on appeal to the Supreme Court.

On June 30th, 1931, after the time had expired in which motion for rehearing could be filed under Rule 90 of rules governing equity practice in circuit courts, complainant filed motion for rehearing which was granted and thereafter final decree was entered in favor of complainant.

From this final decree the case is now before us on appeal. There are several questions presented, but it is only necessary and proper for us to consider the first question, which is, "Whether or not the Circuit Court had jurisdiction to enter an order granting a rehearing when the motion for rehearing had not been presented within thirty days from the date of the filing of the final decree, which final decree was

a decree which could be reviewed on appeal by the Supreme Court."

Our judgment is that the Circuit Court at the expiration of thirty days after the filing and recording of the final decree lost jurisdiction of the cause and was without jurisdiction to enter the order granting the rehearing. It follows that all orders and decrees made subsequent to the order granting the rehearing were of no force and effect. See Mabson v. Christ, 96 Fla. 756, 119 Sou. 131 and cases there cited.

For this reason, the decree appealed from should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.