STATE, *ex rel.,* JACKSONVILLE GAS CO., *et al.,* v.
J. M. LEE, Comptroller.

150 So. 225.
Division B.
Opinion Filed September 26, 1933.

*Julian Hartridge,* for Relators;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

PER CURIAM.—In mandamus proceedings the relators seek to require the return to them of the amounts paid the State for excise license taxes for the period from July 1, 1931, to August 24, 1931, the contention being that as the statute *did not take effect* until August 24, 1931, the levy of the excise license tax prior to August 24, 1931, violates organic law.

The Attorney General for the State filed a motion to quash the alternative writ of mandamus on grounds asserting the validity of the statute under which the tax was paid for the entire period from July 1, 1931, to January 1, 1932.

Chapter 15658, Acts of 1931, became a law June 26, 1931, though it was not effective till August 24, 1931. Sections 18 and 28, Article III, Constitution.

The statute requires an annual license tax of $1.50 upon each one hundred dollars of gross intra-State receipts for electricity and gas, the first report of receipts to be made to the State March 15, 1932, though the tax is to be paid upon receipts beginning with July 1, 1931, as shown by the reports to be filed March 15, 1932.

As the relators were doing the business taxed during the period from July 1, 1931, to January 1, 1932, and as the statute became a law June 26, 1931, the State could legally and did actually require the excise license tax to be paid for the entire period from July 1, 1931, to January 1, 1932. 12 C. J. 1291; People v. Kelsey, 116 App. Div. 97, 101 N. Y. Supp. 902, affirmed in 188 N. Y. 541, 80 N. E. 1116.

The Constitution of this State does not forbid the enactment of retroactive laws, so decisions in States whose Constitutions do forbid retroactive laws are not pertinent here. See Carroll v. Wright, 131 Ga. 728, 63 S. E. 260.

Section 4 of Chapter 15658 cannot legally be interpreted

or applied so as to violate the organic provision forbidding *ex post facto* laws.

Alternative writ quashed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.