BEACHLAND DEVELOPMENT CO. v. AXEL PETERSON.

149 So. 423.
150 So. 225.
Order Entered July 8, 1933.
Appeal Reinstated July 28, 1933.
Opinion Filed October 9, 1933.

*Jas. O. Watson,* for Appellant;

*T. B. Ellis, Jr.,* for Appellee.

PER CURIAM.—The appellee's motion to dismiss the appeal in this case should be granted, because the transcript does not affirmatively show in a proper form, that the notice of appeal was duly recorded in the chancery order book, so as to give this Court jurisdiction over the person of the appellee. Neither has appellant caused to clearly appear the error complained of in the court's order appealed from, which was an order striking certain pleadings.

Where the transcript on an equity appeal from an interlocutory order does not contain copied in full a motion which formed the sole basis for the making of the interlocutory order appealed from, this Court must presume that some ground appearing in the motion, warranted the Chancellor in making the order, and that the order is without substantial error.

Appeal dismissed on appellee's motion.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

PER CURIAM.—Upon a motion to dismiss this appeal as frivolous, briefs on the merits have been filed by both parties.

This Court has reached the conclusion that this case should be disposed of on the authority of Grand Lodge, K. P. of North America, etc., v. Stroud, 107 Fla. 152, 144

Sou. Rep. 324, wherein this Court held in substance that where, in order to determine a motion to dismiss an appeal as frivolous, filed under Section 4639, C. G. L., 2920 R. G. S., the Court had been required to thoroughly examine the transcript brought up on appeal, and had become satisfied from such examination that no reversible error had been committed by the court below, the motion to dismiss the appeal might be denied and the judgment or decree appealed from affirmed, without retaining the case on the docket for reconsideration and reinvestigation of the same propositions in the future.

This is an approved procedure when the motion to dismiss the appeal as frivolous has come up for consideration after all the briefs have been filed on the merits, wherefrom the Court has been able to fully perceive that no error has been committed, although the appeal may be not so devoid of probable merit as to warrant the granting of the motion calling for the severe remedy of dismissal of the appeal as frivolous. See Meier v. Johnson, 110 Fla. 374, 149 Sou. Rep. 185.

In this case the answer purporting to set up usury failed to contain sufficient allegations to bring the facts stated within the purview of the statute. The bill of complaint sufficiently showed the residence of the complainant to withstand the attack made on it, assuming that a special demurrer was permissible in view of the 1931 Chancery Act.

Motion to dismiss appeal denied and orders affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.