BEACHLAND DEVELOPMENT COMPANY v. AXEL PETERSON.

166 So. 323.
Division B.
Opinion Filed March 3, 1936.
Rehearing Denied March 14, 1936.

*Jas. O. Watson,* for Appellant;

*T. B. Ellis Jr.,* for Appellee.

TERRELL, J.—This case has appeared here on four previous occasions: Beachland Development Co. v. Peterson, 107 Fla. 658, 145 So. 837; Beachland Development Co. v. Peterson, 111 Fla. 349, 149 So. 423; 150 So. 225; and Beachland Development Co. v. Peterson, 117 Fla. 992, 159 So. 923.

The last appeal was from a final decree in a mortgage foreclosure entered July 9, 1934, and was dismissed on motion of appellee for failure of appellant to file transcript as required under the rules.

The instant appeal is from a decree denying a motion of defendant to vacate the final decree entered July 9, 1934, said final decree having been entered more than six months before the motion to vacate was filed and not being challenged as being void for want of authority to enter it. The motion to vacate also sought to stay the sale under foreclosure then being advertised and to review errors alleged to have been committed in entering the final decree.

The statute, Section 3168, Revised General Statutes of 1920, Section 4960, Compiled General Laws of 1927, limits the taking of appeals in chancery whether from final or interlocutory decrees to six months. The present appeal was taken January 30, 1935, the same day the decree denying the motion to vacate the final decree entered July 9, 1934, was promulgated and recorded but more than six months after said final decree which it was in effect designed to review. If it is permitted to stand then the statute requiring appeals in chancery to be taken in six months can

be circumvented and there is no time limit within which interlocutory and final decrees may be brought and reviewed.

Courts are bound by the law no less than members of the bar. In our opinion, the motion to vacate the final decree was entered out of time and was properly dismissed. The judgment below is accordingly affirmed.

Affirmed .

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.