BARTLETT & SONS CO. v. PAN-AMERICAN STUDIOS, INC.

198 So. 195

Division B

Opinion Filed October 8, 1940

Rehearing Denied November 8, 1940

*Van C. Swearingen,* for Appellant;

*I. P. Henderson,* for Appellee.

CHAPMAN, J.—The record in this case discloses that a final decree was made and entered in the Circuit Court of Dade County, Florida, on the 14th day of January, 1938, and that the same was duly recorded January 16, 1939, in

Chancery Order Book No. 462, at page 23. On September 13, 1939, a motion to set aside the final decree was made and an affidavit in support thereof was filed in the lower court, and on the 2nd day of October, 1939, the lower court made and entered an order overruling and denying the motion to vacate and set aside the said final decree and in the same order corrected the date of the entry of the final decree from the 14th day of January, 1938, to the 14th day of January, 1939, the correct date of the entry thereof. On September 20, 1939, a motion was made in the lower court for a final decree on the merits of the cause, and on the 2nd day of October, 1939, the said motion was by the lower court overruled and denied. From these two orders, each dated October 2, 1939, an appeal has been perfected to this Court. It will be observed that a period of more than six months elapsed between January 14, 1939, and October 2, 1939, the date of the entry and recordation of the two orders appealed from and assigned as error in this Court.

Some three or four reasons as advanced by counsel for appellant for a reversal of the final decree dated January 14, 1939, and recorded in the Chancery Order Book of Dade County, Florida, on January 16, 1939. This Court is without jurisdiction to consider or pass on assignments of error based upon the final decree, because Section 4960 C. G. L. provides that appeals in chancery, whether from final decrees or interlocutory orders or decrees, must be taken within six months after the entry of the order or decree appealed from. See Hodges v. Moore, 46 Fla. 598, 35 So. 13; Mitchell v. Mason, 61 Fla. 692, 55 So. 387; Charlotte Harbor & N. R. Co. v. Lancaster, 70 Fla. 200, 69 So. 720; Nail v. Browning, 74 Fla. 108, 76 So. 697; Buck v. All Parties, 86 Fla. 86, 97 So: 313; Reed v. Cromer, 86 Fla. 575, 98 So. 605; Eberle v. Wilson, 97 Fla. 384, 120 So. 851;

Beachland Development Co. v. Peterson, 123 Fla. 145, 166 So. 323.

It is next contended that one of the orders appealed from dated October 2, 1939, which corrected *nunc pro tunc* the date of the entry of the final decree from January 14, 1938, to January 14, 1939, was not only erroneous but it then and there became the duty of the lower court in the administration of justice and because of error of fact appearing in the record and expressed in the final decree, to vacate, set aside and render null and void the said final decree previously entered. Counsel in his brief failed to cite authorities holding that an error in the date of a final decree was sufficient cause to render the same null and void *ab initio*. The answer to this contention is Section 68 of Chapter 14658, Acts of 1931, Laws of Florida, being the Chancery Act, and is, viz.:

"Section 68. CORRECTION OF CLERICAL MISTAKES IN ORDERS AND DECREES. Decree may be signed when pronounced, and may be recorded at once. Clerical mistakes in decrees or decretal orders, or errors arising from any accidental slip or omission may, at any time, be corrected by order of the court or judge upon petition, without the form or expense of a rehearing."

It is next contended that the order dated October 2, 1939, overruling and denying the motion of the appellant for a final decree in its behalf was erroneous. The motion for a final decree was filed September 20, 1939, and the order of denial was entered October 2, 1939. The record shows that a final decree on the merits of the case had been entered on January 14, 1939. The lower court, as shown by the record, had lost jurisdiction of the case at the time of the filing of the motion by the appellant for a final decree in its behalf.

A petition for a rehearing was not presented or filed in the lower court as prescribed by Section 70, Chapter 14658, Acts of 1931. See McCarthy on Florida Chancery Act (2nd Ed.), annotations and authorities cited at pages 163 and 164, viz.:

" * * * Under Section 70 the time within which a petition for rehearing must be filed is limited to twenty days, whether or not an appeal lies. But see Grace v. Hendricks, 103 Fla. 1158, 140 So. 790; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; and Sawyer v. Gustason, 96 Fla. 6, 118 So. 57; Knight v. Raffel, 104 Fla. 421, 140 So. 199, allowing motions to vacate though filed after the time for appeal had expired. It has been said that after the entry of final decree and the time for rehearing has expired, before the decree can be set aside on any ground, there must be instituted some proceeding by petition, motion, bill of review, original bill or rule to show cause, and the parties accorded an opportunity to be heard and to make a record, if desired, which may be reviewed on appeal. Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785. See Atwell v. Atwell, 111 Fla. 352, 149 So. 555, decided under the former practice, holding that the court had no jurisdiction more than thirty days after the filing and recording of the final decree to grant a rehearing. And see annotation relating to vacating final decree entered upon decree pro confesso, following Section 43. * * *

"Bill of Review. After the expiration of the twenty days the party may still file a bill of review. Gasque v. Ball (*supra*). A bill of review, unlike a petition for rehearing, lies only after the final decree is entered. Story, Eq. Pl., 10th Ed., Sec. 408a, p. 381; Fletcher, Eq. Pl. & Pr., Sec. 924, p. 984; State v. White 40 Fla. 297 24 So. 160. * * * "

We fail to find error in the record. The orders appealed from are each hereby affirmed.

WHITFIELD and BROWN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.