CARROLL, CHAS., Chief Judge.
This is an appeal by both of the parties to a divorce suit, challenging the fee allowed by the circuit court to an attorney who represented the wife during the first part of the suit.
The appellee Shamas acted as the attorney for the appellant Elizabeth M. Scheuermann, in the suit for divorce which she filed against her husband on November 1, 1954. She dispensed with his services after the case became at issue, but before trial.
On the attorney’s motion, the court fixed his fee, allowing him $7,500, which the court required the plaintiff wife to pay to him at that time, reserving for subsequent determination the ultimate charging thereof as between the parties. The fee was paid, and there was a substitution of counsel. The new attorneys for the wife then amended the complaint and proceeded with the cause which ended with a final decree dated March 28, 1955, divorcing the parties and approving a stipulation by which they had adjusted between themselves the other matters in litigation, including disputes as to property and 'custody of the children.
In the final decree the court confirmed the allowance of the fee to the attorney Shamas in the amount of $7,500, and charged one-half against the plaintiff wife and one-half against the defendant husband.-
The wife took no appeal from the final decree. The husband appealed, but later dismissed his appeal by stipulation with the attorney Shamas. The reason for dismissing the appeal, and the object of the stipulation, was to reopen the case for the purpose of presenting additional evidence relating to the Shamas fee, in connection with which the attorney Shamas was to intervene as a party in the case.
On July 25, 1955, four months, lacking three days, after the final decree was entered, the lower court made the following order:
“Ordered, Adjudged, and Decreed that that portion of the final decree in reference to attorneys fees for George J. Shamas, be and the same, is hereby set aside for the purpose of allowing additional testimony to be taken. It is:
Ordered, Adjudged, and Decreed that George J. Shamas be and he is hereby allowed to intervene and take additional testimony relating to all phases of said attorneys fees. It is further:
*316 “Ordered, Adjudged, and Decreed that additional testimony may be taken by A. C. Franks, if he deems it necessary.”
A year later, on July 24, 1956, the court made an order reestablishing the final decree as to the attorney fee allowance, without change. It is this last order, which has been appealed from by both of the original parties to the divorce suit. For the reasons set out below, the questions raised on their appeal relating to the allowance and charging of the attorney’s fee, must go unanswered.
At the outset, we are met with the situation that this appeal was taken from a post-final-decree order. Such an order being interlocutory in nature, the proper method of obtaining review at the time of this appeal was by writ of certiorari. Section 59.02(3), Fla.Stat., F.S.A.; Connolly v. Connolly, Fla.1956, 86 So.2d 167. However, under Section 59.45, Fla.Stat., F.S.A., the notice of appeal will be considered as a petition for certiorari. Cf. Smehyl v. Hammond, Fla. 1950, 44 So.2d 678; and Thomas Jefferson, Inc., v. Hotel Employees Union, Fla.1955, 81 So.2d 731, 732. See, also, Houk v. Dade County, Fla.1957, 97 So.2d 272.
The final decree of March 28, 1955, became absolute when the time allowed for rehearing elapsed. Mabson v. Christ, 96 Fla. 756, 119 So. 131, 132-133; Eberle v. Wilson, 97 Fla. 384, 120 So. 851; and Pace v. Pace, 99 Fla. 859, 128 So. 488, 489.
The court was without jurisdiction to grant the order, four months after the final decree, opening the case for further litigation of the fee question, and that order was a nullity. Atwell v. Atwell, 111 Fla. 352, 149 So. 555, 556; Bartlett & Sons Co. v. Pan-American Studios, Inc., 144 Fla. 531, 198.So. 195, 196; and Jappe v. Heller, Fla.1953, 65 So.2d. 302.
The subsequent order of July 24, 1956, to which this appeal or review was directed, was a nullity for the same reason.
The allowance of attorney fees, which is-being challenged on review, was' made in. the final decree of March 28, 1955, and not by the last order, dated July 24, 1956.
The present appeal or certiorari can not serve to reach the allowance of attorney fees made in the final decree; first, because this review is directed to the post-final-decree order which, as stated above,, was made without jurisdiction and was a. nullity, and, secondly, since the fee allowance was made in the final decree and not by the subsequent order, and no appeal from the final decree was perfected, the review directed to the later order can not reach back to the final decree. See Klemenko v. Klemenko, Fla.1957, 97 So.2d 11.
Accordingly, this appeal must be treated as a petition for certiorari, which hereby is denied.
So ordered.
HORTON and PEARSON, TT„ concur.