ON MOTION TO DISMISS
LILES, Chief Judge.
Appellant, plaintiff in the trial court, filed a complaint against appellee, defendant in the trial court, seeking an injunction and damages. The trial judge, on motion to dismiss, granted the motion to dismiss the second amended complaint with prejudice. Appellant then filed a motion for rehearing within ten days of this order. The order denying the motion for rehearing was entered several months later. Within thirty days from date the motion for rehearing was denied this notice of appeal was filed by appellant and a motion to dismiss the appeal was filed by appellee.
*406 Appellee maintains that a motion for rehearing is not proper when directed to a dismissal with prejudice; that the motion to dismiss was a nullity; that as such could not toll the time for filing notice of appeal; and that the appeal is therefore untimely.
The motion for rehearing was filed under F.R.C.P. 1.530, 31 F.S.A. entitled “Motions for New Trials and Rehearing; Amendments to Judgments” which provides in part:
“(a) Jury and Non-Jury Actions * * On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than ten days after the rendition of verdict in a jury action or' the entry of judgment in a non-jury action * *
We are called upon to decide whether a motion for rehearing of an order dismissing a complaint with prejudice tolls the time for filing a notice of appeal.
Appeal from a judgment is proper only when it is final and the trial court’s judicial labors are at an end. Therefore, when the trial court has pending a timely and proper motion for rehearing it has the power to alter said judgment and appeal is not authorized during this period. See F. A.R. 1.3 and F.A.R. 3.2, subd. b, 32 F.S.A.
We hold that a motion to rehear an order dismissing a complaint with prejudice is proper under F.R.C.P. 1.530 because it is directed to an otherwise appealable final judgment heard without a jury within the terms of the rule. This being a judgment, a motion filed within ten (10) days of its entry is proper and tolls the time for appeal. This was the procedure under the former equity rules, O’Steen v. Thomas, 1941, 146 Fla. 73, 200 So. 230, and is therefore encompassed by Rule 1.530 of our modern rules of procedure in which law and equity have been merged.
The motion to dismiss is denied.
MANN and McNULTY, JJ., concur.