SWANN, Chief Judge.
Plaintiff, Florida Thoroughbred Breeders Association, Inc., sued the Florida Board of Business Regulation for declaratory judgment. The Board moved to dismiss alleging, as one of several grounds, the failure to join indispensable party defendants. Plaintiff was required to amend its complaint and plaintiff thereafter filed an amended complaint against the Board and eighteen greyhound race tracks and jai-alai frontons.
Plaintiff’s amended complaint alleged essentially that the Board had authorized and created a policy of direct competition between pari-mutuel licensees by enabling certain dog track and jai-alai fronton licensees to run programs during the same hours as and in direct competition with previously allocated horse racing programs. Plaintiff averred it was in doubt as to the ability of the Board to create and allow such competition between pari-mutuel licensees and that a bona fide dispute existed between plaintiff and the Board with respect to this authority of the Board. Plaintiff prayed for a declaratory judgment under Section 120.30, Florida Statutes, F.S.A. determining and declaring the right and ability of the Board to “institute and create a policy of direct conflicting programs, operation and competition in the program scheduling between thoroughbred horse licensees and dog and fronton licensees.”
*229 The Board and Hollywood Dog Track filed answers which raised, among other defenses, the failure of the amended complaint' to state a cause of action for declaratory decree under § 120.30, Fla.Stat. F.S. A. All other defendants filed motions to dismiss for failure to state a cause of action. Hollywood also filed a motion for judgment on the pleadings in its favor, seeking a dismissal of the amended complaint with prejudice to the plaintiff. This motion was noticed for hearing, at which time counsel for plaintiff and counsel for most of the defendants appeared. The court heard argument upon Hollywood’s motion for judgment on the pleadings and also heard argument upon the other defendant’s motions to dismiss the amended complaint. After taking the matter under advisement, the court on June 25, 1971 entered its final judgment dismissing the amended complaint, with prejudice. The final judgment was filed on June 25, 1971, and recorded on June 28, 1971 in Circuit Court Minute Book 1237 at Page 331.
On July 9, 1971 plaintiff filed a petition for rehearing. Over defendant’s objections that the petition was untimely filed, the court heard argument from counsel and on October 28, 1971 entered an “order on petition for rehearing.”
The order was in effect a final declaratory judgment for plaintiff, finding that the Florida Legislature, in adopting Section 550.081, Florida Statutes, F.S.A., had manifested a clear intent to grant unto winter horse tracks within a hundred mile radius of each other, the right to operate horse racing without conflict or competition from any other pari-mutuel establishment. Accordingly, the court directed that during the hours that winter horse racing permittees were actually conducting racing, the same should be conducted without direct competition from any other pari-mu-tuel permittees, including jai-alai frontons and dog tracks. The judgment also directed the Board not to grant any pari-mu-tuel permittees located within the radius described in Section 550.081, Florida Statutes, F.S.A., the right to conduct any matinee performance during those daytime hours in which any winter horse racing permittee was actually conducting a racing program. From this “order on petition for rehearing” these appeals of the various defendants have been consolidated.[1]
We hold the trial court acted improperly upon plaintiff’s untimely filed petition for rehearing. The order dismissing plaintiff’s amended complaint with prejudice was entered June 25, 1971 and “rendered” June 28, 1971. F.A.R. 1.3, 32 F.S.A. For the purpose of this opinion only we assume, but do not decide, that plaintiff was authorized to file a petition for rehearing to an order dismissing the complaint with prejudice. See R.C.P. 1.530, 31 F.S.A.; Laytner v. Humble Oil & Refining Co., Fla. App.1971, 251 So.2d 156; Snyder v. Gulf American Corp., Fla.App.1969, 224 So.2d 405; and Elmore v. Palmer First National Bank & Trust Co. of Sarasota, Fla.App. 1969, 221 So.2d 164.
Having made this assumption we note that 1.530(b), R.C.P. provides:
“A motion for a new trial or for a rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action.”
The record and briefs reveal a dispute between the parties as to whether plaintiff was ever served with a copy of the June 25th order of dismissal with prejudice. See 1.080(a) R.C.P., 30 F.S.A.
Plaintiff concedes, however, it obtained a copy of the final judgment dated June 25th on June 29, 1971 from the court. It thus appears a final judgment was entered on June 25; it was rendered on June 28 and plaintiff personally was provided with *230 a copy thereof by the trial court on June 29, 1971. This time sequence disposes of any argument concerning adequacy of service or timeliness of service, in our opinion, because plaintiff had at least nine days, out of the ten provided in the Rule, to file its petition for rehearing. Thus, plaintiff had through July 8, 1971 to timely file a petition for rehearing. R.C.P. 1.-090(a).
Plaintiff filed and served its petition for rehearing on July 9, 1971. See R.C.P. 1.080(d). Plaintiff’s petition for rehearing was filed more than 10 days after rendition of the final judgment and a trial court loses jurisdiction of a case at the expiration of the time for filing or service of a petition for rehearing or motion for new trial unless such a petition or motion is filed. Atwell v. Atwell, (1933) 111 Fla. 352, 149 So. 555; Bartlett & Sons Co. v. Pan-American Studios, Inc., (1940) 144 Fla. 531, 198 So. 195; Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193; Jappe v. Heller, Fla.1953, 65 So.2d 302; Ganzer v. Ganzer, Fla.1956, 84 So.2d 591; Cortina v. Cortina, Fla.1957, 98 So.2d 334; Batteiger v. Batteiger, Fla.App.1959, 109 So.2d 602; Bannister v. Allen, Fla.App.1961, 127 So.2d 907; State ex rel. Huntley Bros. Inc. v. Gooding, Fla.App.1963, 149 So.2d 55; Lee v. Elliott, Fla.App.1963, 155 So.2d 169; Kirby v. Speight, Fla.App.1969, 217 So.2d 871; Kash N’Karry Wholesale Supermarkets, Inc. v. Garcia, Fla.App.1969, 221 So.2d 786; Bescar Enterprises, Inc. v. Rotenberger, Fla.App.1969, 221 So.2d 801.
If the timely filing of a petition for rehearing or motion for new trial were not mandatory such a motion or petition could be filed at any time and thereby the time in which an appeal could be sued out might be extended indefinitely. Ganzer v. Ganzer, supra, quoting from City of Orlando v. Hewitt (1926), 92 Fla. 933, 110 So. 874.
We hold plaintiff’s petition for rehearing was untimely filed and the trial court had no authority to enter the “order on petition for rehearing” dated October 28, 1971.
The order herein appealed is reversed and the cause remanded with instructions to reinstate the original order of dismissal with prejudice.
It is so ordered.

. As a state agency, the Board’s Notice of Appeal operated as an automatic stay and supersedeas of the lower court’s order on Petition for Rehearing by virtue of the provisions of Rule 5.12, Florida Appellate Rules.