341 So.2d 257 (1977)
Karen C. NAHOOM, Appellant,
v.
Kerry J. NAHOOM, Appellee.
Nos. 75-1835, 75-1836.
District Court of Appeal of Florida, Third District.
January 4, 1977.
*258 Rosenberg, Rosenberg, Reisman & Glass, Miami, for appellant.
Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, Harold F. Keefe, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
By these appeals, the former wife of the appellee raises the question of whether the trial court has jurisdiction to change the provisions of a final judgment of dissolution of marriage after the judgment has become final.
On August 1, 1975, the trial court entered a final judgment of dissolution of marriage which provided, in part, as follows:
"4. Respondent, KERRY J. NAHOOM, shall pay to Petitioner the sum of SIXTY ($60.00) DOLLARS per week per child solely for child support of the children, which weekly payments shall commence on August 1, 1975, and continue weekly thereafter until the children reach their majority or the award of child support is modified.
"In addition, during the period from June through August, in the years 1976 and 1977, the Respondent shall pay to Petitioner as and for additional child support the sum of TWO HUNDRED ($200.00) DOLLARS each year.
"5. The Court makes no award of alimony for the Petitioner.
"6. The Court retains jurisdiction of this cause for the purpose of enforcing the terms and conditions of this Final Judgment, and further retains jurisdiction for any and all further proceedings that may be meet and proper."
This judgment was pursuant to an oral announcement made at the conclusion of the cause where the court stated, in part, as follows:
"THE COURT: Here is what I am going to do, based on conversations with the parties and based upon stipulations: The child support will be $60 a week, per child, until the children reach their majority. The Court will retain jurisdiction of this case for any future hearings, naturally, and for the next two years exclusive of the year 1975, but for 1976 and 1977, during the month of June, July, and August, for the care of these children, the additional day care or babysitting care of these children, while she is working, will be an additional $200 due and owing to Mrs. Nahoom for the benefit of those children. That will be the initial child support as awarded by the Court. It will cease at the end of the summer of 1977. By that time you ought to be on your feet. All right, gentlemen, does that determine all the issues that we have involved here?"
On September 15, 1975, a motion to amend and modify the final judgment of dissolution of marriage was made. This motion alleged that the husband believed the final judgment did not conform to the court's award of child support. The court did not take further testimony nor was any change in circumstances alleged or found. Basing its action entirely upon the motion, the trial court changed the provisions of the final judgment by adding an additional provision that the child support payments *259 should not exceed $490 per month and providing that the payment should be made twice per month. In addition, the court amended the final judgment to provide that the former husband might claim the children as dependents for federal income tax purposes. Finally, the court added additional provisions as to the $200 lump sum support payment. The appeals are from the amended judgment.
It is well-established that the trial court loses jurisdiction of a case with the expiration of the time for filing a motion for rehearing or upon the disposition of such motion, if filed. See Shelby Mutual Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla. 1970); and Investment Corp. of South Florida v. Florida Thoroughbred Breeders Association, Inc., 256 So.2d 227 (Fla.3d DCA 1972). The motion to amend the final judgment was not made pursuant to Fla.R.Civ.P. 1.540(b), and it may not be so considered because the judgment originally entered conformed exactly to the trial court's announcement of its decision at the conclusion of the trial of the cause. We, therefore, hold that the trial court was without jurisdiction to amend the final judgment by changing the provisions thereof even though the court may feel that the amended final judgment more fully expresses its intentions than as set forth in the prior final judgment. Thereupon, the amended final judgment is reversed and the final judgment entered on August 5, 1975, is ordered reinstated.
Reversed and remanded.