487 So.2d 67 (1986)
David Eugene ROBINSON, Appellant,
v.
Ann C. ROBINSON, Appellee.
No. BJ-261.
District Court of Appeal of Florida, First District.
April 9, 1986.
Rehearing Denied May 8, 1986.
William B. Richbourg, Pensacola, for appellant.
Elaine N. Dugger and Judith A. Loucks, of Gardner, Shelfer & Dugger, P.A., Tallahassee, for appellee.
MILLS, Judge.
David Robinson appeals from a final order establishing and enforcing an Alabama child support and custody decree and an Alabama contempt order. He contends the trial court erred in finding these orders were entitled to full faith and credit. We disagree and affirm.
The parties were divorced in Alabama in March of 1975. The wife, Ann Robinson, was awarded custody of the children and the husband, David Robinson, was ordered to pay the sum of $100.00 per month per child towards their support. Subsequent to the divorce, the husband moved to Florida.
In February 1985, the wife filed a contempt action in Alabama alleging nonpayment of child support and requesting the court to issue a rule nisi requiring the husband to show cause why he should not be held in contempt of court. The husband was timely served in Florida by registered mail; however, he failed to appear as ordered. The wife proceeded ex parte, resulting in the Alabama contempt order of 16 April 1985, which is the focal point of this appeal.
Thereafter, the wife retained counsel in Florida and filed a petition to register and enforce the foreign child support and custody decree and the order of contempt. A hearing was held resulting in a preliminary ruling that all of the Alabama orders were established in Florida and entitled to full faith and credit. The husband then filed a motion for rehearing claiming that the Alabama contempt order was invalid on its face and, therefore, could not be accorded full faith and credit.
The trial court disagreed with the husband's assertion, however, and proceeded to conduct a hearing regarding his ability *68 to pay the amount of arrearages as set forth in the Alabama order. After considering the evidence, the Florida court established the Alabama decree of divorce, order of support, and the contempt order as its own decrees. An order to this effect was entered on 30 September 1985 and this appeal followed.
In Florida, for a contempt order to be valid there must be an affirmative finding within the order that the contemner has the present ability to comply with the order but has willfully refused to do so. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976). Nowhere in the Alabama order was such an express finding made; and, therefore, the husband argues it must be found void on its face.
It is apparent through this argument, however, that the husband has misconstrued the issue on appeal. An order need only be valid in the state in which it was issued for full faith and credit to attach and not the state in which suit is brought to enforce it. Furthermore, a decree from a sister state is presumed valid in Florida. Newton v. Newton, 245 So.2d 45 (Fla. 1971).
Under Alabama law, a contempt order for failure to pay alimony or child support need not contain an affirmative finding of a present ability to comply, as is required under Florida law. Ex Parte Capps, 396 So.2d 70 (Ala. 1981). Accordingly, the Florida court did not err in establishing the Alabama contempt order as a Florida decree. We would also point out that before actually enforcing the contempt citation, the Florida court did make a finding, based on evidence presented at a hearing, that the husband had the present ability to comply and he was offered a second chance to purge himself. Thus, any alleged deficiency in the Alabama order was cured.
AFFIRMED.
L. SMITH and THOMPSON, JJ., concur.