507 So.2d 705 (1987)
IN the INTEREST OF E.P., a Child.
Terri JOHNSON, Appellant,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 86-884.
District Court of Appeal of Florida, Second District.
May 15, 1987.
*706 Prince J. McIntosh and Guilene F. Theodore of Bay Area Legal Services, Inc., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., and Joseph Lewis, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION TO DISMISS
HALL, Acting Chief Judge.
Appellee, Department of Health and Rehabilitative Services, contends in its motion to dismiss that appellant's notice of appeal is untimely and the court therefore lacks jurisdiction. HRS raises two points in support of this argument.
First, it contends that appellant's motion for rehearing filed on February 11, 1986, is untimely since the final order placing custody of appellant's child in foster care was entered on January 30, 1986. We do not agree. February 10, 1986, was Gasparilla Day, a legal holiday in Hillsborough County. Thus, the time for filing the motion for rehearing was extended to February 11, 1986.
Second, HRS contends that Florida Rule of Juvenile Procedure 8.820(b)(3) requires that appeal from a final order in a custody proceeding be filed within thirty days of the rendition of the order. We agree.
Juvenile Rule 8.820(b)(3) states: "A motion for rehearing shall not toll the time for taking an appeal." The final judgment was rendered on January 30, 1986. The notice of appeal, which was filed on April 4, 1986, would have been timely if the appeal period was calculated pursuant to Florida Rule of Appellate Procedure 9.020(g) from March 13, 1986, the date of the rendition of the order denying the motion for rehearing. However, Juvenile Rule 8.820(b)(3) specifically prohibits the tolling of time for appeal in juvenile proceedings by filing a motion for rehearing. Thus, because the notice of appeal was filed sixty-four days after entry of the final order, under the Juvenile Rule it was untimely.
We acknowledge that the above rule appears to deny the opportunity for rehearing to those operating under the juvenile rules, and we find this rule at odds with Appellate Rule 9.020(g). The appellate rule defines rendition of an order and provides that "[w]here there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof." As was stated in Snyder v. Gulf American Corp., 224 So.2d 405, 406 (Fla. 2d DCA 1969): "[W]hen the trial court has pending a timely and proper motion for rehearing it has the power to alter said judgment and appeal is not authorized during this period." But, since Juvenile Rule 8.820 was adopted in 1984, after the 1977 revision of the Florida Rules of Appellate Procedure, we must find that the Florida Supreme Court intended to limit the time for appeal in juvenile cases to a period of thirty days from the rendition of the final order, regardless of any motion for rehearing.
Accordingly, the motion to dismiss is granted.
However, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE *707 PROCEDURE 9.020(G) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF THIRTY DAYS AFTER RENDITION OF A FINAL ORDER ON THE MOTION FOR REHEARING?
SANDERLIN and THREADGILL, JJ., concur.