519 So.2d 1108 (1988)
John ROOSA, Appellant,
v.
Charlotte ROOSA, Appellee.
No. 4-86-1676.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Catherine Rafferty of Miller, Squire & Rafferty, Chartered, Fort Lauderdale, for appellant.
Ida M. Lawry of Ida M. Lawry, P.A., Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
In 1982 Charlotte Roosa, appellee here, successfully sought domestication in Florida of her New Jersey divorce decree. In 1984, having moved back to New Jersey, *1109 she obtained from the New Jersey court an order holding John Roosa in contempt. Subsequently, she filed a motion with the Florida court which had domesticated the divorce decree, seeking a contempt order on the same grounds that had prompted the New Jersey court to enter its contempt order. That motion was denied without prejudice and without any stated reason.
Thereafter in 1986, Charlotte Roosa filed a "Motion to Domesticate a Foreign Contempt Order or Declare said Order an Extension of Originally Domesticated Final Judgment of Divorce." The motion was granted by the order on appeal here.
A foreign order of contempt is entitled to full faith and credit in Florida if it is valid in the state in which it was issued. Robinson v. Robinson, 487 So.2d 67 (Fla. 1st DCA 1986) (trial court did not err in establishing, as a Florida decree, Alabama contempt order for failure to pay child support). The question here, however, is not entitlement of the New Jersey order to full faith and credit in the Florida court. Rather, the issue is whether the trial court retained jurisdiction by virtue of the original domestication action to domesticate the contempt order on application by motion in the original action. We hold that it did not.
When the time expired for filing a petition for rehearing on the Florida court's final judgment domesticating the New Jersey divorce decree, the Florida court lost jurisdiction of the case. See Nahoom v. Nahoom, 341 So.2d 257 (Fla. 3d DCA 1977) (trial court loses jurisdiction of a case at expiration of time for filing a motion for rehearing or upon the disposition of such motion, if filed). See also Fiber Crete Homes, Inc. v. Division of Administration, DOT, 315 So.2d 492 (Fla. 4th DCA 1975); Investment Corporation of South Florida v. Thoroughbred Breeders Association, 256 So.2d 227 (Fla. 3d DCA), cert. denied, 261 So.2d 844 (Fla. 1972).
Appellee argues that the object of the motion to domesticate the New Jersey contempt order was simply enforcement of the Florida court's final judgment which had domesticated the New Jersey divorce decree, so the Florida court did have jurisdiction to domesticate the contempt order. See Broadband Engineering, Inc. v. Quality RF Services, Inc., 450 So.2d 600 (Fla. 4th DCA 1984) (jurisdiction inherently remains in trial court to make such orders as may be necessary to enforce its judgment). We disagree. An action for domestication is different from and is subject to different defenses than an action for enforcement.
Appellee is not without a remedy, but she has chosen the wrong one. We reverse the order and remand.
REVERSED.
LETTS and GUNTHER, JJ., concur.