ON MOTION TO DISMISS
FRANK, Judge.
The appellees have moved to dismiss this appeal on the ground that Florida Rule of Juvenile Procedure 8.820 requires an appeal from a final order in a custody proceeding to be filed within thirty days following the rendition of the order and that the appeal time is not tolled by a motion for rehearing. See In the Interest of E.P., 507 So.2d 705 (Fla. 2d DCA 1987).
The appellant contends that the notice of appeal was timely because the civil, not the juvenile rules apply, and consistent with rule 9.020(g) of the Florida Rules of Appellate Procedure, the notice of appeal was timely within the enlarged period. We disagree. The appellant erroneously attaches a determinative significance to the fact that an administrative order transferred this proceeding from the circuit court’s juvenile division to the civil division. The transfer to the civil division did not change the litigation’s character — it began as and retained the status of a juvenile dependency proceeding governed by the Florida Rules of Juvenile Procedure.
Accordingly, we grant the motion to dismiss. We certify, however, as occurred in In the Interest ofE.P., the following question to the Florida Supreme Court:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE PROCEDURE 9.020(g) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF THIRTY DAYS AFTER RENDITION OF A FINAL OR *1051 DER ON THE MOTION FOR REHEARING?
CAMPBELL, C.J., and PARKER, J., concur.