541 So.2d 1257 (1989)
In re W.S., W.S., and R.S., Minor Children.
William SCHINDLER, et al. Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-2406.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
Rehearing Denied April 17, 1989.
J. William Masters, II, Orlando, for appellants.
Timothy A. Straus, Longwood, for appellee.

ON MOTION TO DISMISS
DAUKSCH, Judge.
This matter is before the court on appellee's motion to dismiss.
*1258 Appellants filed a timely motion for rehearing after final judgment. Ordinarily that would stop the running of the thirty-day period in which a notice of appeal may be filed. Fla.R.App.P. 9.020(g). Although Florida Rule of Appellate Procedure 9.010 states "[t]hese rules shall supercede all conflicting rules and statutes," Florida Rule of Juvenile Procedure 8.820(b)(3) says "[a] motion for rehearing shall not toll the time for the taking of an appeal." Because this is an appeal from an order of permanent commitment of children, and because rule 8.820 was adopted after the appellate rules were revised in 1977, the Florida Rules of Juvenile Procedure apply rather than the Florida Rules of Appellate Procedure.
The Second District Court of Appeal has also addressed this conflict in the rules and found that the supreme court must have intended to limit the time for appeal in juvenile cases. That court certified this issue as a question of great public importance and the supreme court has accepted jurisdiction. In re A.A., 531 So.2d 1050 (Fla. 2d DCA 1988), rev. granted Case No. 73,187 (Fla. October 20, 1988); In the Interest of E.P., 507 So.2d 705 (Fla. 2d DCA 1987) rev. granted Case No. 70, 678 (June 11, 1987).
Because the notice of appeal was filed more than thirty days after the final judgment this court has no jurisdiction.
We also certify the following question as one of great public importance:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE PROCEDURE 9.020(g) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF THIRTY DAYS AFTER RENDITION OF A FINAL ORDER ON THE MOTION FOR REHEARING?
Appeal dismissed.
DANIEL, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The Florida Rules of Appellate Procedure provide that appeals must be taken within 30 days after rendition of the order to be reviewed. (See Rule 9.110(b) as to final orders; 9.130(b) as to non-final orders and 9.140(b)(2) as to appeals by defendants in criminal cases.) However, Rule 9.020(g) defining rendition provides broadly that an order is not deemed rendered until disposition of an "authorized and timely motion for new trial or rehearing." Florida Rule of Juvenile Procedure 8.820 authorizes a motion for rehearing as to dispositive orders in juvenile cases. Appellant filed a timely motion for rehearing in this juvenile case and filed an appeal within 30 days of the disposition of that motion. However, stuck down in the juvenile rehearing rule 8.820 under the heading (b) Time and Method is a provision that "[a] motion for rehearing shall not toll the time for the taking of an appeal." This juvenile rule is in direct conflict with appellate rule 9.020(g) and sets a trap for unwary attorneys. As a matter of good procedure, this conflict between these two rules should be resolved by harmonizing them or, at the very least, the conflict should be made abundantly clear such as by expressly providing in appellate rule 9.020(g) that it does not apply to motions for rehearing in juvenile cases with a cross-reference to juvenile rule 8.820(b)(3). Until that is done, in the interests of justice, the conflict between the two rules should be resolved by giving preeminence to the appellate rule. All rules of procedure should be written and construed to serve the just determination of every action and every appeal on the merits.