ON MOTION TO DISMISS
DAUKSCH, Judge.
This matter is before the court on appel-lee’s motion to dismiss.
*1258 Appellants filed a timely motion for rehearing after final judgment. Ordinarily that would stop the running of the thirty-day period in which a notice of appeal may be filed. Fla.R.App.P. 9.020(g). Although Florida Rule of Appellate Procedure 9.010 states “[tjhese rules shall supercede all conflicting rules and statutes,” Florida Rule of Juvenile Procedure 8.820(b)(3) says “[a] motion for rehearing shall not toll the time for the taking of an appeal.” Because this is an appeal from an order of permanent commitment of children, and because rule 8.820 was adopted after the appellate rules were revised in 1977, the Florida Rules of Juvenile Procedure apply rather than the Florida Rules of Appellate Procedure.
The Second District Court of Appeal has also addressed this conflict in the rules and found that the supreme court must have intended to limit the time for appeal in juvenile cases. That court certified this issue as a question of great public importance and the supreme court has accepted jurisdiction. In re A.A., 531 So.2d 1050 (Fla. 2d DCA 1988), rev. granted Case No. 73,187 (Fla. October 20, 1988); In the Interest of E.P., 507 So.2d 705 (Fla. 2d DCA 1987) rev. granted Case No. 70, 678 (June 11, 1987).
Because the notice of appeal was filed more than thirty days after the final judgment this court has no jurisdiction.
We also certify the following question as one of great public importance:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE PROCEDURE 9.020(g) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF THIRTY DAYS AFTER RENDITION OF A FINAL ORDER ON THE MOTION FOR REHEARING?
Appeal dismissed.
DANIEL, J., concurs.
COWART, J., dissents with opinion.