544 So.2d 1000 (1989)
In the Interest of E.P., a Child.
Terri JOHNSON, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 70678.
Supreme Court of Florida.
May 25, 1989.
*1001 Prince J. McIntosh, Bay Area Legal Services, Inc., Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joseph Lewis, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review the Second District Court of Appeal's order dismissing Johnson's appeal for failure to file within thirty days, as required by Florida Rule of Appellate Procedure 9.110(b). The district court, in its order, certified the following question of great public importance:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE PROCEDURE 9.020(g) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF A FINAL ORDER ON THE MOTION FOR REHEARING?
In the Interest of E.P., 507 So.2d 705 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The question originates from an apparent conflict between the plain, unambiguous language of the two rules. The trial court entered its final order in this juvenile proceeding on January 30, 1986. On February 11, 1986, petitioner filed a timely motion for rehearing. Following denial of that motion, petitioner filed her notice of appeal in the district court on April 4, 1986, more than thirty days after entry of the final judgment. Under Florida Rule of Appellate Procedure 9.020(g), the filing of a motion for rehearing tolls the time for appealing the order. However, Florida Rule of Juvenile Procedure 8.820(b)(3) specifically states that a motion for rehearing shall not toll the time for the taking of an appeal. With these two rules before it, the second district dismissed the appeal as untimely, holding that the juvenile rule prevailed. The court then certified the question to this Court for resolution.
It is clear from the face of the two rules that they conflict, at least regarding appeals from juvenile proceedings. However, because this is a juvenile case, any conflict must be resolved in favor of the rules of juvenile procedure. Accordingly, we answer the certified question in the affirmative and approve the order of the second district.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.