PER CURIAM.
We have for review the order of the Second District Court of Appeal dismissing the petitioner’s appeal from the final judgment in this juvenile proceeding. The district court certified the following question of great public importance:
DOES FLORIDA RULE OF JUVENILE PROCEDURE 8.820(b)(3) RESCIND FLORIDA RULE OF APPELLATE PROCEDURE 9.020(g) THEREBY LIMITING THE TIME FOR TAKING AN APPEAL TO THIRTY DAYS AFTER RENDITION OF THE FINAL JUDGMENT INSTEAD OF THIRTY DAYS AFTER RENDITION OF A FINAL ORDER ON THE MOTION FOR REHEARING?
*1257 In re: 4.4, 531 So.2d 1050-51 (Fla. 2d DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
This case, like In the Interest of E.P., 544 So.2d 1000 (Fla.1989), involves a conflict between Florida Rule of Appellate Procedure 9.020(g), which permits a motion for rehearing to toll the time for taking an appeal, and Florida Rule of Juvenile Procedure 8.820(b)(3), which does not permit a motion for rehearing to toll the time allowed for taking an appeal in juvenile cases. There is no doubt that the rules conflict and that those appellants who come under the juvenile rules are denied either a rehearing or an appeal. If a party wishes to take an appeal from a juvenile proceeding, it appears that he or she must forego a motion for rehearing in order to file a timely notice of appeal. Likewise, if a party wishes to move for a rehearing, he or she must forfeit their appellate rights.
As in our opinion in In The Interest of E.P., the rules of juvenile procedure control in juvenile cases. Accordingly, we answer the certified question in the affirmative, and approve the order of the Second District Court of Appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.