ON MOTION TO DISMISS
PER CURIAM.
The appellee, Catholic Community Services, Inc., moves to dismiss this appeal on the ground that the notice of appeal was not timely filed. We agree that the appeal is untimely and grant the motion to dismiss.
The question raised in this dependency proceeding is whether the time for filing a notice of appeal is governed by Florida Rule of Appellate Procedure 9.020(g) or Florida Rule of Juvenile Procedure 8.820(b)(3). Florida Rule of Appellate Procedure 9.020(g) tolls the time for commencing an appeal by providing that “[wjhere there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof.” However, Florida Rule of Juvenile Procedure 8.820(b)(3) provides that “A motion for rehearing shall not toll the time for taking an appeal.”
Based on the authority of In the Interest of E.P. v. Department of Health and Rehabilitative Services, 544 So.2d 1000 (Fla. 1989), the time for commencing an appeal from a dependency proceeding is governed by Juvenile Rule 8.820(b)(3). Because a motion for rehearing does not toll the time for commencing such an appeal, a notice of *435 appeal must be filed within thirty days of rendition of the final order to be reviewed. See Florida Rule of Appellate Procedure 9.110(b).
Thus, although an authorized motion for rehearing was timely filed in the instant case, this court is without jurisdiction to hear this appeal because the notice of appeal was filed fifty-four days after the final order was rendered. Accordingly, the motion to dismiss is granted.
DELL and GUNTHER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.