PALMER, J.
Florida’s Department of Children and Families (DCF) appeals the order entered by the trial court directing it to pay appel-lee, Geraldine McShea, relative caregiver funds. Concluding that DCF’s notice of appeal was untimely filed, we dismiss this cause for lack of jurisdiction.
DCF filed a petition seeking relative placement for C.W. C.W. was placed in the care of her maternal grandmother, Geraldine McShea, and the child’s mother was granted visitation. Soon thereafter, DCF filed a petition seeking an adjudication of dependency relating to C.W. When C.W.’s mother later executed a consent to dependency, the trial court entered an order adjudicating C.W. dependant and placing her in the care of McShea.
Of particular importance to the instant appeal, during a status hearing which was conducted on August 2, 2004, the trial court ordered DCF to award McShea relative caregiver funding. The court also ruled, over DCF’s objection, that such funding must be retroactive to the date that C.W. was initially placed in McShea’s custody. DCF filed a timely motion seeking rehearing of the court’s ruling.
Three months later, the trial court conducted a hearing on DCF’s pending motion for rehearing. DCF argued that the order awarding McShea retroactive caregiver funds was improper because the court could not order “the executive branch to issue funds” without violating the separation of powers doctrine. The trial court rejected this argument. However, after the court was advised that the child’s *723 mother had not moved out of McShea’s home until August 2004, the court stated that caregiver funds were only owing to McShea as of that date. Thereafter, the trial court entered a written order placing C.W. in the long term custody of McShea based on the mother’s consent thereto. In said order, the court noted that DCF was obligated to give McShea caregiver funding retroactive to August 2004, thereby denying DCF’s motion for rehearing. DCF filed a notice of appeal within 30 days of said ruling.
DCF argues that the trial court should have granted its motion for rehearing because the court lacked the legal authority to award McShea retroactive relative caregiver funds. McShea responds by arguing that this appeal must be dismissed for lack of jurisdiction because DCF failed to timely file its notice of appeal. We agree that dismissal is warranted. Here, the trial court entered an order on August 2, 2004 which awarded McShea relative caregiver funds retroactive to the date C.W. was placed in her care. While DCF objected to said award, no direct appeal was filed. Instead, DCF filed a motion for rehearing arguing that the award violated the doctrine of separation of powers. Rule 8.265 of the Florida Rules of Juvenile Procedure recognizes the right to file a motion for rehearing in dependency matters; however, the rule specifically states that any such motion does not toll the time for filing a notice of appeal:
Rule 8.265. Motion for Rehearing
[[Image here]]
(3) A motion for rehearing shall not toll the time for the taking of an appeal.
Fla. R. Juv. P. 8.265(3). Thus, in order to preserve its right to challenge the legality of McShea’s funding award, DCF was required to file a notice of appeal within 30 days of the trial court’s August 2, 2004 order. This appeal was not filed until December 3, 2004. As such, DCF’s notice of appeal was untimely.[1] See In Interest of Baby Boy L., 545 So.2d 434 (Fla. 4th DCA 1989)(holding that although an authorized motion for rehearing was timely filed, the court was without jurisdiction to hear the appeal from a dependency order because the notice of appeal was filed fifty-four days after the final order was rendered).
Accordingly, since DCF’s notice of appeal was filed more than 30 days after the trial court entered a final order awarding McShea relative caregiver fund, this court lacks jurisdiction to hear the instant appeal.
APPEAL DISMISSED.
THOMPSON, J., concurs.
TORPY, J., dissents, with opinion.

. DCF’s instant appeal would be timely to the issue of whether the trial court's amendment pertaining to the August 2004 entitlement date was proper. However, DCF's brief does not raise any claim of error relating to the court's decision to amend the entitlement date.