# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-2515
_____

B.S., Grandmother of P.S.A. and
W.H.A., Minor Children,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Ross M. Goodman, Judge.

April 25, 2018

WINOKUR, J.

Appellant, B.S., appeals the circuit court's dismissal of her petition for adoption of her grandchildren, P.S.A. and W.H.A., as well as the circuit court's denial of her motion for rehearing. Because we find that an adoption following a termination of parental rights (TPR) is governed by the Florida Rules of Juvenile Procedure, and because this appeal is untimely under those rules, we dismiss the appeal.

I.

In February 2014, the trial court[1] adjudicated P.S.A. and W.H.A. dependent. The Department of Children and Families (DCF) created a case plan with the goal of family reunification, but the parents failed to reunify with the children. As a result, a permanent guardianship was established with an aunt and uncle. The guardianship order expressly limited B.S. to supervised visitation.

Two years later guardianship was revoked and both children were sheltered, due in part to B.S.'s unsupervised contact with the children. B.S.'s visitation rights were suspended. The trial court reinstated DCF's supervision two months later, incorporated a case plan goal of adoption, and reinstated B.S.'s supervised visitation. Upon DCF's petition, the court terminated both parents' parental rights in November 2016.

A Unified Home Study advised against placing the children with B.S. Consequently, the trial court found that it was in the best interest of both children to remain in the custody of DCF.

In December 2016, upon motion of the Guardian Ad Litem Program (GAL), the court suspended B.S.'s supervised visitation and ordered that the children remain in the custody of DCF for the purpose of adoption. B.S. did not seek appellate review of the order suspending her visitation.

B.S. then filed a petition to adopt P.S.A. and W.H.A, and moved for reinstatement of her visitation rights. The trial court summarily denied the motion for reinstatement. On May 2, 2017, the trial court dismissed B.S.'s adoption petition, finding that the petition was simply a vehicle for B.S. to revisit the already-litigated issue of her visitation rights. On May 11, 2017, B.S. filed a motion for reconsideration and hearing. On May 25, 2017, the

---

[1] All the proceedings in this dependency case took place in the juvenile division of the circuit court for Santa Rosa County.

trial court denied the motion. On June 20, 2017, B.S. filed a notice of appeal.

## II.

GAL argues that B.S.'s notice of appeal was untimely because it was not filed within thirty days of rendition of the May 2, 2017 order dismissing the adoption petition. B.S. argues that her motion for reconsideration tolled rendition until the court denied it on May 25, 2017, so the June 20, 2017 notice of appeal was timely.

A party has thirty days from rendition of an order to file a notice of appeal. Fla. R. App. P. 9.110(b). Unless another applicable rule of procedure specifically provides to the contrary, an authorized and timely motion for rehearing of the order tolls rendition until a written order is issued disposing of the motion. Fla. R. App. P. 9.020(i)(1).

The Florida Family Law Rules of Procedure contain no provision regarding tolling of orders until a motion for rehearing is resolved. As such, a motion for rehearing of an order subject to the Family Law Rules tolls rendition, in accordance with Florida Rule of Appellate Procedure 9.020(i)(1). In contrast, the Florida Rules of Juvenile Procedure explicitly state that a motion for rehearing "shall not toll the time for the taking of an appeal." Fla. R. Juv. P. 8.265(b)(3). Accordingly, if the Family Law Rules of Procedure govern the order under review, this appeal is timely, but if the Rules of Juvenile Procedure govern the order, the appeal is untimely because B.S. did not file this appeal until forty-nine days after the order under review was rendered.

The Family Law Rules of Procedure govern family law actions, including adoptions, "except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules." Fla. Fam. L. R. P. 12.010(a)(1). The Rules of Juvenile Procedure "govern the procedures in the juvenile division of the circuit court . . . [and] *the procedures for dependency cases in the juvenile court.*" Fla. R. Juv. P. 8.000 (emphasis added).

Because dependency cases are governed by the Rules of Juvenile Procedure, a motion for rehearing does not toll the time

3

for filing a notice of appeal in dependency cases. *In re A.W.P., Jr.*, 14 So. 3d 1240 (Fla. 2d DCA 2009); *In Interest of Baby Boy L.*, 545 So. 2d 434 (Fla. 4th DCA 1989). This rule is consistent with legislative intent that dependency proceedings are not prolonged so "that permanent placement with the biological or adoptive family is achieved as soon as possible for every child in foster care and that no child remains in foster care longer than 1 year." § 39.001(1)(h), Fla. Stat.

Adoptions are governed by Chapter 63 of the Florida Statutes. However, section 63.037, Florida Statutes, provides that "[a] case in which a minor becomes available for adoption after the parental rights of each parent have been terminated by a judgment entered pursuant to chapter 39 *shall be governed by s. 39.812 and this chapter*" (emphasis added). Chapter 39 sets out requirements for dependency proceedings, which again, are governed by the Rules of Juvenile Procedure. *See* § 39.013(1), Fla. Stat. ("All procedures, including petitions, pleadings, subpoenas, summonses, and hearings, in [chapter 39] shall be conducted according to the Florida Rules of Juvenile Procedure unless otherwise provided by law.").

III.

B.S. argues that, because adoptions are governed by Chapter 63, the Family Law Rules of Procedure apply. Post-TPR adoption proceedings, however, are governed by the Rules of Juvenile Procedure.

First, as noted above, section 63.037 specifically references section 39.812. Subsection (5) of this statute establishes the procedures for adoption following TPR, requiring that a post-TPR adoption petition be filed in the court that terminated parental rights. § 39.812(5), Fla. Stat. The parental rights to P.S.A. and W.H.A. were terminated as a result of a dependency case in the juvenile division of Santa Rosa County Circuit Court. Indeed, B.S.'s adoption petition was filed in the same juvenile division. Again, the Rules of Juvenile Procedure control in juvenile court and in dependency proceedings.

Second, the fact that Chapter 63 governs adoptions does not alter this conclusion. The procedures and substantive rights

4

governing TPR proceedings are codified in Chapter 39. Moreover, section 39.013(1) clearly states that "all procedures" in chapter 39 are governed by the Florida Rules of Juvenile Procedure.

Section 39.813 provides that "[t]he court which terminates the parental rights of a child who is the subject of termination proceedings . . . shall retain exclusive jurisdiction in all matters pertaining to the child's adoption pursuant to chapter 63." *See also* Fla. R. Juv. P. 8.535(c); *B.B. v. Dep't of Children & Families*, 854 So. 2d 822, 825 (Fla. 1st DCA 2003) ("The dependency court is not divested of jurisdiction after a TPR trial simply because subsequent adoption proceedings will be conducted pursuant to Chapter 63"). Consequently, the juvenile division of Santa Rosa County retains sole jurisdiction of B.S.'s adoption petition. Because the juvenile court retains jurisdiction, the Rules of Juvenile Procedure apply.

B.S. correctly notes that section 39.812(5), while directing parties to file a petition for adoption following TPR in the dependency division of the circuit court, requires that an adoption proceeding under that subsection "is governed by Chapter 63." This does not mean, however, that Chapter 63, and by extension the Family Law Rules of Procedure, control these proceedings. Because the proceeding remains in dependency court, the Rules of Juvenile Procedure must apply. More importantly, we have previously found that this sentence in section 39.812(5) means only that the standards of Chapter 63 govern the adoption, even if the procedure is controlled by Rules of Juvenile Procedure. *See e.g. Dep't of Children & Family Servs., v. P.S.*, 932 So. 2d 1195 (Fla. 1st DCA 2006); *I.B. v. Dep't of Children & Families*, 876 So. 2d 581 (Fla. 5th DCA 2004). While substantive rights governing post-TPR adoptions remain in chapter 63, the procedures regarding post-TPR adoptions fall within the ambit of Chapter 39. If not, there would have been no need for the Legislature to codify section 63.037 differentiating post-TPR adoptions from other forms of adoption. Section

39.812(5) would be equally superfluous. Every provision enacted by the Legislature must be given effect.[2]

## IV.

In conclusion, the proceedings involving P.S.A. and W.H.A. are in dependency court, which included the termination of their parents' parental rights. Consequently, B.S.'s adoption petition falls within the procedural requirements of dependency court, specifically chapter 39. As such, the Florida Rules of Juvenile Procedure applied to the order below. Pursuant to Florida Rule of Juvenile Procedure 8.265(b)(3), B.S.'s motion for reconsideration did not toll the time to appeal the trial court's dismissal of her adoption petition. Thus, B.S.'s notice of appeal is untimely. We, therefore, dismiss this appeal for lack of jurisdiction.

DISMISSED.

ROBERTS and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Valarie Linnen, Atlantic Beach, for Appellant.

Sarah J. Rumph, Appellate Counsel, Department of Children and Families, Tallahassee, for Appellee; Sara E. Goldfarb, Appellate Counsel, Guardian ad Litem Program, Sanford.

_____

[2] *See State v. Goode*, 830 So. 2d 817, 824 (Fla. 2002) (noting that "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless").